GUIDRY, Justice.
 

 hThe issue presented in this case is whether the evidence introduced by the plaintiffs, Arsenio and Lorena Arias, against an insurance carrier to confirm a default judgment was sufficient to establish a prima facie case under Louisiana Code of Civil Procedure article 1702. After reviewing the record and the applicable law, we find that the plaintiffs failed to sustain their burden of proof for confirmation of the default judgment. Accordingly, we reverse the decision of the court of appeal and vacate the trial court judgment. The matter is remanded to the trial court for further proceedings.
 

 FACTS AND PROCEDURAL HISTORY
 

 On January 12, 2004, Arsenio Arias and his wife, Lorena Arias, instituted a personal injury suit alleging Mr. Arias was injured during his employment with Certified Coating, Inc. (hereafter, “Certified Coating”). Specifically, the plaintiffs asserted Mr. Alias was exposed to acryloni-trile, a dangerous and potentially fatal chemical, while working at the facilities of Stolthaven New Orleans, L.L.C. (hereafter, “Stolthaven”). Among others, the suit was filed against Stolthaven and its 12unknown insurer, referenced as ABC Insurance Company.
 
 [1]
 
 In response, Stoltha-
 
 *817
 
 ven filed exceptions, an answer and defenses to the plaintiffs’ suit. Several months later, on October 27, 2004, Stolthaven filed a motion for an extension of time to respond to the plaintiffs’ discovery requests. The request for three additional weeks to answer was granted.
 

 On August 22, 2005, the plaintiffs filed a First Amending and Supplemental Petition for Damages, wherein they added a claim on behalf of their five minor children
 
 [2]
 
 and named additional defendants.
 
 [3]
 
 Specifically, the plaintiffs included American Home Assurance Company (hereafter, “American”) as a defendant alleging that it provided a policy of liability insurance covering Stolthaven during the period of Mr. Arias’s alleged exposure. Service of process was effectuated on American through its agent, the Louisiana Secretary of State.
 

 On June 22, 2006, following American’s failure to answer the amending petition, the plaintiffs filed a Motion for Preliminary Default against the insurer, which was granted by the trial court on June 26, 2006. Seven months later, on January 31, 2007, a hearing was conducted for confirmation of the default where the plaintiffs submitted documentary evidence to sustain their burden of establishing a prima facie case against American under Louisiana Code of Civil Procedure article 1702. Particularly, as evidence of the insurance carrier’s liability and in lieu of a | opolicy of insurance, the plaintiffs produced a memorandum of insurance, which suggested that a general liability policy was issued to Stolthaven by American covering the period of the alleged acrylonitrile exposure. The memorandum was directed, with accompanying correspondence, on two separate occasions to plaintiffs’ counsel by Stol-thaven’s attorneys during the course of discovery. As proof of causation, the plaintiffs submitted the reported decision of
 
 Arias v. Certified, Coating, Inc.,
 
 05-446 (La.App. 5 Cir. 2/14/06), 924 So.2d 298, which was rendered by an appellate court in Mr. Arias’s related workers’ compensation action filed in connection with the acrylonitrile exposure at Stolthaven.
 
 [4]
 
 Finally, the plaintiffs produced as evidence of Mr. Arias’s damages, his medical records certified under Louisiana Revised Statute 13:3714. Based on the evidence as a whole, the trial court rendered judgment in favor of the plaintiffs and against American confirming the default in the total amount of $3,711,079.17,
 
 [5]
 
 plus legal interest and court costs. American timely sought appellate relief.
 

 On appeal, American alleged the trial court erred in confirming the default judg
 
 *818
 
 ment in favor of the plaintiffs, citing the insufficiency of the evidence. More specifically, American argued that the evidence was deficient in four respects: (1) proof of liability was insufficient without admission of the insurance policy into evidence; (2) proof of causation in the form of an appellate decision from another circuit in Mr. Arias’s workers’ compensation case was not sufficient; (3) medical records, certified under Louisiana Revised Statute 13:3714, were inadmissible to prove damages; and (4) proof of general damages was not supported by the admitted | ¿evidence. American also maintained the trial court erred in ignoring the limits of liability specified in the submitted evidence.
 

 The court of appeal rendered a decision affirming in part, and reversing in part.
 
 Arias v. Stolthaven New Orleans, L.L.C.,
 
 07-0650 (La.App. 4 Cir. 3/19/08), 980 So.2d 791. The court concluded that the memorandum of insurance along with the accompanying cover letters produced during discovery were sufficient to establish coverage and, thus, a prima facie case for American’s liability. The court of appeal also held that submission of Mr. Arias’s reported workers’ compensation decision adequately proved causation. Finally, the court of appeal determined that the production of medical records, certified under Louisiana Revised Statute 13:3714, constituted adequate proof of Mr. Arias’s damages, with the exception of his medical expenses. Based on its finding that the record failed to demonstrate prima facie evidence of Mr. Arias’s medical costs, the court of appeal remanded the case to the lower court for a trial on the medical damages award. American sought supervisory relief in this court.
 

 We granted certiorari in this matter to address American’s claim that the evidence used to support the confirmation of the default judgment was not sufficient to establish a prima facie case under Louisiana Code of Civil Procedure article 1702 against the insurer.
 
 Arias v. Stolthaven New Orleans, L.L.C.,
 
 08-1111 (La.9/26/08), 992 So.2d 972. Specifically, at issue is whether an insurance carrier’s coverage and liability can be proven under Louisiana Code of Civil Procedure article 1702 without admission into evidence of the actual contract of insurance between the insurer and its insured.
 

 | ¡¡DISCUSSION
 

 Applicable Law
 

 The appellate jurisdiction of courts of appeal extends to both law and facts. La. Const, art. V, § 10(B). A court of appeal may not overturn a judgment of a trial court absent an error of law or a factual finding that was manifestly erroneous or clearly wrong.
 
 Stobart v. State, Dept. of Transp, and Development,
 
 617 So.2d 880, 882, n. 2, (La.1993). When the court of appeal finds that a reversible legal error or manifest error of material fact was made in the trial court, it is required to redetermine the facts de novo from the entire record and render a judgment on the merits.
 
 Rosell v. ESCO,
 
 549 So.2d 840, 844 (La.1989). In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment.
 
 Bordelon v. Sayer,
 
 01-0717, p. 3 (La.App. 3 Cir. 3/13/02), 811 So.2d 1232, 1235,
 
 writ denied,
 
 02-1009 (La.6/21/02), 819 So.2d 340. This determination is a factual one governed by the manifest error standard of review.
 
 Id.
 

 A defendant’s failure to comply with Louisiana Code of Civil Procedure articles 1001 and 1002 exposes the party to a judgment of default. The law and procedure relative to default judgments is set forth in Louisiana Code of Civil Procedure article
 
 *819
 
 1701,
 
 et seq.
 
 Specifically, in an ordinary proceeding, such as the instant one, a defendant is generally required to file an answer within fifteen (15) days after service of citation upon him. La. C.C.P. art. 1001.
 
 [6]
 
 A delay is afforded when an exception is filed prior to answer or the trial court grants additional time for | ^answering upon motion. La. C.C.P. art. 1001. Notwithstanding the specified delay periods for answering, a defendant may file his answer at any time prior to confirmation of a default judgment against him. La. C.C.P. art. 1002. However, when the defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him. La. C.C.P. art. 1701(A).
 
 [7]
 
 1 Frank L. Maraist,
 
 Louisiana Civil Law Treatise: Civil Procedure
 
 § 12.3, at 451 (2d ed.2008).
 

 The process for obtaining a default judgment when the defendant has failed to answer a petition timely is uncomplicated. It may be obtained by oral motion in open court or by written motion, entered in the minutes of the court, and the judgment consists merely of a minute entry. La. C.C.P. art. 1701(A);
 
 Power Marketing Direct, Inc. v. Foster,
 
 05-2023, p. 10 (La.9/6/06), 938 So.2d 662, 669. A judgment of default is sometimes referred to as a “preliminary default.”
 
 Power Marketing Direct,
 
 05-2023 at 10, 938 So.2d at 669.
 

 Thereafter, the judgment of default may be confirmed after two days, exclusive of holidays, from the entry of the judgment of default, that is, on the third “judicial day” after the lapse of two days, which are not judicial holidays, from the entry of the preliminary default La. C.C.P. art. 1702(A).
 
 [8]
 

 
 *820
 
 | ./Confirmation of a default judgment is similar to a trial and requires, with admissible evidence, “proof of the demand sufficient to establish a prima facie case.” La. C.C.P. art. 1702(A);
 
 Power Marketing Direct,
 
 05-2023 at 10, 938 So.2d at 670; Maraist,
 
 supra,
 
 at 452-453. The elements of a prima facie case are established with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant.
 
 Sessions & Fishman v. Liquid Air Corp.,
 
 616 So.2d 1254, 1258 (La.1993);
 
 Thibodeaux v. Burton,
 
 538 So.2d 1001, 1004 (La.1989). In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail at trial on the merits.
 
 Thibodeaux,
 
 538 So.2d at 1004. A plaintiff seeking to confirm a default must prove both the existence and the validity of his claim. A default judgment cannot be different in kind from what is demanded in the petition and the amount of damages must be proven to be properly due. La. C.C.P. art. 1703.
 
 [9]
 

 At the hearing, the rules of evidence generally apply. La. C.E. art. 1101(A);
 
 [10]
 
 IsMaraist,
 
 supra,
 
 at 452-453. The plaintiff must follow the rules of evidence even though there is no opponent.
 
 [11]
 
 “Because at a default confirmation there is no objecting party, to prevent reversal on appeal, both plaintiff and the trial judge should be vigilant to assure that the judgment rests on admissible evidence” that establishes a prima facie case. George W. Pugh, Robert Force, Gerald A. Rault, Jr., & Kerry Triche,
 
 Handbook on Louisiana Evidence Law
 
 677 (2007). Thus, inadmissible evidence, except as specifically provided by law, may not support a default judgment even though it was not objected to because the defendant was not present. 19 Frank L. Maraist,
 
 Civil Law Treatise: Evidence and Proof
 
 § 1.1, at 5 (2d ed.2007).
 

 There is a presumption that a default judgment is supported by sufficient evidence, but this presumption may be rebutted by the record upon which the judgment is rendered.
 
 Ascension Builders, Inc. v. Jumonville,
 
 262 La. 519, 527, 263 So.2d 875, 878 (1972). Finally, a defendant against whom a default judgment is confirmed may not assert an affirmative defense on appeal.
 
 Galland v. Nat’l Union Fire Ins. Co. of Pittsburg, Pa.,
 
 452 So.2d 397, 398-99 (La.App. 3d Cir.1984);
 
 Romero v. Sunsen,
 
 359 So.2d 305, 308 (La.App. 4th Cir.1978).
 

 
 *821
 

 Evidence of American’s Liability
 

 In addressing the threshold issue of liability, the court of appeal concluded the correspondence directed by Stolthaven’s defense counsel to plaintiffs’ attorney during the course of discovery, coupled with the same memorandum of insurance which accompanied the two letters, constituted sufficient proof to confirm the default judgment under Louisiana Code of Civil Procedure article 1702, in the absence of the |flsubmission of the actual policy of insurance between American and Stoltha-ven.
 
 [12]
 
 The first letter, dated May 24, 2005, provides:
 

 Please find enclosed the Memorandum of Insurance received from insurance broker Jardine Lloyd Thompson LLC which shows Stolthaven New Orleans LLC is insured with American Home Assurance Company. This Memorandum of insurance should answer your additional discovery requests.
 

 If you have any further questions, please do not hesitate to contact me.
 

 Thereafter, as evidenced by a change of address notice filed in the record, defense counsel for Stolthaven appears to have changed law firms and, on August 4, 2005, a different signatory sent another letter to plaintiffs attorney, which states:
 

 As requested, enclosed is a copy of the Memorandum of Insurance dated May 10, 2005.
 

 If you have any questions, please do not hesitate to let me know. With kindest regards, I am
 

 The memorandum of insurance at issue in these proceedings is dated May 10, 2005, and allegedly executed by Jardine Lloyd Thompson L.L.C., an insurance broker. Specifically, the memorandum of insurance provides:
 

 The policies of insurance listed below have been effected for the insured named below for the policy period indicated. Notwithstanding any requirement, term or condition of any contract or other document with respect to which this memorandum may be issued or may pertain, the insurance afforded by the policies described herein is subject to all the terms, exclusions and conditions of such policies. Limits shown may have been reduced by paid claims.
 

 [[Image here]]
 

 This memorandum of insurance is issued as a matter of information only and confers no rights upon the Memorandum Holder. This | ^Memorandum of Insurance does not amend, extend or alter the coverage afforded by the policyfies) shown hereon.
 
 [13]
 

 The memorandum specifies Stolthaven as the insured and American as the insurer for General Liabilities Policy No. ARS-3054. The memorandum lists the “Type of Insurance” as “Commercial General Liabilities,” with a “Policy Period” of “1 Dec 2001[,] 1 Sep 2003,” and the “Agreed Value or Limits of Liability” as “US$1,000,000 per occurrence!,] US$2,000,000 general aggregate!,] excess of US$250,000 per occurrence!.]” Nothing further is provided. Specifically, there is no indication on the memorandum of insurance of its connec
 
 *822
 
 tion to any party or on whose authority the document was issued. Finally, there is a disclaimer that provides: “Jardine Lloyd Thompson LLC are not insurers hereunder, and Jardine Lloyd Thompson LLC are not nor shall be in any way or to any extent liable for loss or claim whatsoever in connection with the policies evidenced hereon.”
 

 Application of Law
 

 Our jurisprudence holds that when an obligation is based on a writing, prima facie proof of the obligation requires introduction of the writing into evidence. In
 
 Ascension Builders, Inc. v. Jumonville,
 
 262 La. 519, 263 So.2d 875, (1972), we set aside a default judgment entered by a trial court finding “a right is nothing without proof of the juridical act or material fact which it has as its origin.”
 
 Id,.,
 
 262 La. at 529, 263 ■ So.2d at 878. This Court held that “a plaintiff who knows of a writing which is the principal basis for his claims must produce it when it is the best evidence of the facts at issue.”
 
 Id.
 
 (emphasis added).
 

 As to the case at hand, the American insurance policy is deemed the “principal basis” for the plaintiffs’ claims against the insurance carrier in securing a default [^judgment. Therefore, following
 
 Ascension Builders, Inc.,
 
 it is essential that the insurance policy must be included in the submission of evidence to support a prima facie showing of liability coverage of Stol-thaven that would extend to Mr. Arias for the occurrence that caused his injuries.
 

 Furthermore, a plaintiff seeking to confirm a default must not only prove the existence of his claim, but the validity of his claim. Specifically, the plaintiffs must also establish their right to bring the action directly against American. Louisiana Revised Statute 22:1269,
 
 [14]
 
 which gives injured persons the right to bring a direct action against an insurer, provides in pertinent part:
 

 B. (1)
 
 The injured person
 
 or his or her survivors or heirs mentioned in Subsection A, at their option,
 
 shall have a right of direct action against the insurer within the terns and limits of the policy; ....
 

 [[Image here]]
 

 C.
 
 It is the intent of this Section that any action brought under the provisions of this Section shall be subject to all of the lawful conditions of the policy
 
 or contract and the defenses which could be urged by the insurer to a direct action brought by the insured, provided the terms and conditions of such policy or contract are not in violation of the laws of this state.
 

 D
 
 .... it is the purpose of all liability policies to give protection and coverage to all insureds,
 
 whether they are named insured or additional insureds under the omnibus clause,
 
 for any legal liability
 
 said insured may have as or for a tortfeasor
 
 within the tewns and limits of said policy.
 
 (Emphasis added.)
 

 The statute affords a victim the right to sue the insurer directly on a claim that the insurer maintains a liability policy that covers the risk involved. The statute does not, however, extend the protection of the liability policy to risks that were not covered by the policy or were excluded thereby (at least in the absence of some mandatory coverage provisions in other statutes).
 
 Anderson v. Ichinose,
 
 98-2157, p. 9 (La. 19/8/99),12 760 So.2d 302, 307. The statute also specifies limited circumstances when
 
 *823
 
 an action can be brought against the insurer alone, generally when the insured is not available. La. R.S. 22:1269 B(l)(a-f).
 
 [15]
 

 Louisiana Revised Statute 22:1269 only affords the plaintiffs the right to sue American directly “within the terms and limits of the policy.” Thus, in a case such as this, where the plaintiffs are seeking a default judgment against the insurer, although the insured has answered the petition and denied liability, the terms and conditions of the insurance policy are part of the principal basis for the claims and critical to establishing a prima facie case of the insurer’s liability, as well as the plaintiffs’ right to pursue the insurer alone by default.
 

 As stated, the elements of a prima facie case are established with competent evidence that convinces the court that it is probable that the plaintiff would prevail at trial on the merits.
 
 Sessions & Fishman,
 
 616 So.2d at 1258. The plaintiffs contend that the evidence introduced herein, in lieu of the insurance contract, was sufficient to establish a prima facie case with “admissions of insurance and prima facie proof that named the insured and insurer, type of insurance coverage, duration of coverage and coverage amount.” We disagree.
 

 | ^The documentary evidence produced by the plaintiffs at the confirmation hearing did not constitute adequate proof under Louisiana Code of Civil Procedure article 1702 of American’s liability. The memorandum of insurance and the accompanying correspondence were deficient in several respects. Neither the memorandum of insurance, nor the two letters from Stolthaven’s counsel, provided any information about the specific terms of the policy. To the contrary, the memorandum expressly stated that its application was limited by the terms and conditions of the policy, providing that “the insurance afforded by the policies described herein is subject to all the terms, exclusions and conditions of such policies.” The memorandum even expressly warned of its inaccuracy, because the policy limits referenced therein might have been reduced by claims made subsequent to its issuance.
 

 Additionally, the May 24, 2005 letter from Stolthaven’s attorney accompanying transmission of the memorandum of insurance informed counsel for the plaintiffs that any questions regarding the matter could be further addressed upon inquiry. The subsequent correspondence, dated August 4, 2005, contained a similar provision. We find no indication from either of the letters or the memorandum of insurance that the information contained therein was provided as, or intended to be, a complete disclosure of the terms and conditions of the policy. Thus, we find that the evidence introduced to confirm the default judgment was not sufficient to establish a
 
 *824
 
 prima facie case of coverage and liability by American for the plaintiffs’ damages in the absence of. the admission of the insurance policy itself.
 

 Moreover, we find no merit in the plaintiffs’ reliance on
 
 Succession of Rock v. Allstate Life Ins. Co.,
 
 340 So.2d 1325 (La. 1976), to overcome their mandatory burden to produce the contract of insurance at issue. The only exception to the rule | uset out in Ascension Builders, Inc. and followed herein, requiring that the written instrument upon which a default judgment is premised be introduced into evidence, was articulated by this Court in
 
 Succession of Rock.
 
 In affirming a default judgment entered against an insurer, this Court recognized that, although the insurance policy at issue was not introduced into evidence in confirming the default judgment, all of the salient insurance contract provisions upon which the plaintiffs suit was based were part of the request for admissions made by the plaintiff to the insurer. The Court noted that, under the law, each matter of which an admission is requested is deemed admitted unless the party to whom the request was directed, timely answers the request denying the matters and setting forth the reasons why he cannot truthfully admit or deny the matters, or objecting on the grounds of privilege or irrelevance.
 

 In
 
 Succession of Rock,
 
 the insurer did not timely respond to the request for admissions, so the matters therein were deemed admitted. The Court therein expressly distinguished
 
 Ascension Builders, Inc.
 
 noting that the terms and conditions of the contract forming the basis of the cause of action in that case were not admitted. Accordingly, the Court carved out an exception to the written instrument mandate set forth in
 
 Ascension Builders, Inc.
 
 for those limited instances where the admission of all essential contract provisions upon which a suit is based has been requested of the opposing party and, upon that party’s failure to answer, they have been deemed admitted.
 

 Relying on
 
 Succession of Rock,
 
 the plaintiffs contend that, since they submitted discovery requests for policy information and received only the attorney letters and a memorandum of insurance in response, any deficiencies or omissions in the responses should be deemed admitted. The plaintiffs urge, in light of Stolthaven’s incomplete responses to discovery requests propounded to it, the balance of the 11sadmissions and documents requested should be deemed admitted and the admission considered as evidence to confirm the default.
 

 Contrary to the plaintiffs’ assertions, we find
 
 Succession of Rock
 
 clearly distinguishable from the instant case. First, and foremost, there is nothing in the record to indicate that any discovery was directed to the insurer, American. The only discovery found in the record relating to Stolthaven or American was propounded by the plaintiffs to Stolthaven in the form of interrogatories, not requests for admissions. The memorandum of insurance was introduced into evidence as part of an exhibit with Stolthaven’s objections and answers to the plaintiffs’ first set of interrogatories.
 
 [16]
 
 We know of no code article, statute or case, and none has been cited, that allows a failure to respond, or
 
 *825
 
 an inadequate response, to discovery by one party to result in an admission of facts to the detriment of another party.
 
 [17]
 

 Additionally, the discovery requests that were made, and upon which the plaintiffs rely, were in the form of interrogatories and not requests for admissions. While both written interrogatories and requests for admissions are methods of discovery, there are important differences between them. Of particular relevance, the remedy for failing to timely or adequately answer written interrogatories is for the party submitting the interrogatories to move for an order to compel. La. C.C.P. art. 1458. Following such motion and a hearing, the court may grant the order to compel 11(iand require the party whose conduct necessitated the motion to pay to the moving party the reasonable expenses incurred, including attorney’s fees. La. C.C.P. art. 1469. If the party fails to comply with the court order compelling discovery, the court may, among other options, thereafter order that the matters subject to the motion be taken as established. La C.C.P. art. 1471. On the other hand, when a request for an admission is made, “[t]he matter is admitted unless, within fifteen days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter.... ” La. C.C.P. art. 1467.
 

 CONCLUSION
 

 Accordingly, we conclude the plaintiffs failed to sustain their burden of proof under Louisiana Code of Civil Procedure article 1702 for purposes of confirming the default judgment against American. The insurance agreement between American and Stolthaven, with its terms and conditions, was the principal basis for the assertion of plaintiffs’ claims against American. Therefore, without the admission of the insurance policy into evidence at the hearing to confirm the default judgment, the plaintiffs did not establish a prima facie case of American’s liability under the facts. We do not find the exception to the written instrument mandate articulated in
 
 Succession of Rock,
 
 applicable to these proceedings. Finding the plaintiffs failed to sustain their burden in this regard, any discussion of American’s remaining assignments regarding adequate proof of causation and damages is pretermitted and does not warrant our further consideration.
 

 DECREE
 

 For the foregoing reasons, we reverse the decision by the court of appeal and vacate the default judgment rendered and confirmed by the trial court in favor of 1 i7Arsenio and Lorena Arias and against American Home Assurance Company. The matter is remanded to the trial court for further proceedings.
 

 COURT OF APPEAL JUDGMENT REVERSED; TRIAL COURT JUDGMENT VACATED; CASE REMANDED.
 

 [1]
 

 . The name of Stolthaven’s insurer was unknown to the plaintiffs when suit was filed.
 
 *817
 
 Also named as defendants, but not relevant to the issues pending before this Court, were Stolt-Nielsen Transportation Group Inc. a/li/a Stolt-Nielsen, its unknown insurer, DEF Insurance Company, Certified Coating, Inc., its unknown insurer, GHI Insurance Company, Kenneth Hebert, Per Voy, and Kirk Skiles.
 

 [2]
 

 . Mr. Arias represented the interests of his minor children: Joseph, Jeremy, Natalie, Mayra, and David Arias.
 

 [3]
 

 . While not subject of the instant proceedings, the additional defendants named in the litigation were the Louisiana Workers' Compensation Corporation (hereafter, "LWCC”), Joe Woods, and Barbara Gilchrist. The LWCC had already filed a motion for intervention in the lawsuit.
 

 [4]
 

 . In this decision, the court of appeal affirmed the Office of Workers' Compensation ruling that Mr. Arias was entitled to compensation benefits as a result of the acrylonitrile exposure at issue in these proceedings, but amended the amount of the award.
 

 [5]
 

 . Damages were apportioned as follows: $2,338,140.10 in general damages; $439,512.07 in medical specials; $858,427.00 in lost wages; $50,000.00 for Mrs. Arias and $5,000.00 for each of the five children representing loss of consortium and financial support.
 

 [6]
 

 . Louisiana Code of Civil Procedure article 1001 provides:
 

 A defendant shall file his answer within fifteen days after service of citation upon him, except as otherwise provided by law.
 

 When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within ten days after the exception is overruled or referred to the merits, or ten days after service of the amended petition.
 

 The court may grant additional time for answering.
 

 [7]
 

 . Louisiana Code of Civil Procedure article 1701(A) provides:
 

 A. If a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him. The judgment may be obtained by oral motion in open court or by written motion mailed to the court, either of which shall be entered in the minutes of the court, but the judgment shall consist merely of an entry in the minutes.
 

 [8]
 

 . Louisiana Code of Civil Procedure article 1702 provides in pertinent part:
 

 A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default. When a judgment of default has been entered against a party that is in default after having made an appearance of record in the case, notice of the date of the entry of the judgment of default must be sent by certified mail by the party obtaining the judgment of default to counsel of record for the party in default, or if there is no counsel of record, to the party in default, at least seven days, exclusive of holidays, before confirmation of the judgment of default.
 

 B. (1) When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.
 

 (2) When a demand is based upon a del-ictual obligation, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto which contain facts sufficient to establish
 
 *820
 
 a prima facie case, shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in tire form of oral testimony before entering judgment.
 

 [[Image here]]
 

 D. When the demand is based upon a claim for a personal injury, a sworn narrative report of the treating physician or dentist may be offered in lieu of his testimony.
 

 [9]
 

 .Louisiana Code of Civil Procedure article 1703 provides:
 

 A judgment by default shall not be different in kind from that demanded in the petition. The amount of damages awarded shall be the amount proven to be properly due as a remedy.
 

 [10]
 

 . Louisiana Code of Evidence article 1101(A) provides, in pertinent part:
 

 Except as otherwise provided by legislation, the provisions of this Code shall be applicable to the determination of questions of fact in all contradictory judicial proceedings and in proceedings to confirm a default.
 

 [11]
 

 . There are two statutory exceptions to this rule when the demand is based upon a conventional obligation, proof by affidavit can be sufficient, and when the demand is in tort, the plaintiff must testify but affidavits can be used for corroborating evidence. See La. C.C.P. art. 1702(B).
 

 [12]
 

 . When introduced at the hearing to confirm the default, the August 4, 2005 letter was introduced as part of Exhibit 27, noted as "Stolthaven’s discovery responses,” which contains both the questions and the answers for interrogatories directed by the plaintiffs to Stolthaven. The May 10, 2005 document was introduced as Exhibit 32.
 

 [13]
 

 . The memorandum of insurance contains a paragraph, not relevant here, concerning the "Several Liability” of subscribing insurers, noting that their obligations are several and not joint and limited solely to the extent of their individual subscriptions.
 

 [14]
 

 . Prior to the numerical redesignation by Acts 2008, No. 415 § 1, effective January 1, 2009, Louisiana Revised Statute 22:1269 was designated as Louisiana Revised Statute 22:655. No change was made in the substance of the statute.
 

 [15]
 

 . Louisiana Revised Statute 22:1269(B)(1) provides in pertinent part:
 

 [SJuch action may be brought against the insurer alone only when:
 

 (a) The insured has been adjudged a bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured a bankrupt have been commenced before a court of competent jurisdiction;
 

 (b) The insured is insolvent;
 

 (c) Service of citation or other process cannot be made on the insured;
 

 (d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons;
 

 (e)When the insurer is an uninsured motorist carrier; or (0 The insured is deceased.
 

 We note that following the addition of this section, generally requiring the inclusion of the insured in any action against the insurer, there may be a question of whether a default judgment can be pursued against the insurer alone, where the insured has answered the suit.
 

 [16]
 

 . There is no indication in the record that the memorandum of insurance was attached to the answers to interrogatories submitted by Stolthaven to plaintiffs' first set of interrogatories. It is clear they were introduced into evidence as part of exhibit 27, which was referenced on the exhibit list as Stolthaven Discovery Responses. Included in the answers, but not relevant herein, were those of Stolt-Nielsen Transportation Group Inc., Per Voie (erroneously named Voy in the petition) and Kirk Skiles.
 

 [17]
 

 . It is also noted that the interrogatories propounded to Stolthaven, even if considered, did not request information with the same degree of particularity as did the questions considered in
 
 Succession of Rock, infra.
 
 Only two interrogatories referenced insurance policies, Interrogatories 5 and 8, and both asked for any insurance company that "maybe [sic] liable to satisfy part or all of the judgment." An admission that an insurance company might be liable for part of the judgment would not be prima facie proof of that company’s liability by default for all of the plaintiffs’ damages as alleged.