BELSOME, J.,
Dissents with Reasons.
Li respectfully dissent from the majority’s opinion.
On appeal United claims that the trial court erred in finding sufficient evidence to award general and compensatory damages and also erred in denying its motion for new trial. I disagree.
The sufficiency of evidence in the confirmation of a default judgment is a question of fact that will not be reversed on review unless it is manifestly erroneous. Akerman v. Dawes, 1994-0757 (La.App. 4 Cir. 1/19/95), 658 So.2d 1270. La. C.C.P. article 1702 governs the confirmation of de *1182 faults. The statute reads in pertinent part:
A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case.... * * *
(2) When a demand is based upon a delictual obligation, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case, shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.
D. When the demand is based upon a claim for a personal injury, a sworn narrative report of the treating physician or dentist may be offered in lieu of his testimony.
laAt the confirmation hearing the trial judge was presented with Ms. Goldfinch’s testimony, photographs taken of her face after the incident, certified medical records from Charity Hospital and Dr. Dennis Casey’s report. First, Ms. Goldfinch’s testimony of the incident which occurred on March 7, 2002, in the back of the United cab was corroborated by the photographs of her injuries and the visit to the emergency room at Charity Hospital on the following day as noted within the certified medical records. The surgeon’s narrative, also part of the Charity Hospital records, clearly discusses the nasal trauma experienced by Ms. Goldfinch in March, 2002 and her need for surgery. Lastly, the report by Dr. Casey relates her long persisting headaches to the incident, stating that the severe damage caused to her nose likely caused some head trauma, which would be consistent with the continued complaints of headaches.
United challenges the sufficiency of the evidence in establishing a causal relationship between the alleged incident and Ms. Goldfinch’s surgery. More specifically, United argues that if the treating physician does not testify, La.C.C.P. art. 1702(D) requires a sworn narrative report in order to prove damages of a personal injury on default. This Court recently addressed that precise issue in Arias v. Stolthaven New Orleans, L.L.C., 2007-0650 (La.App. 4 Cir. 3/19/08), 980 So.2d 791, rev’d on other grounds, 08-1111 (La.5/5/09), 9 So.3d 815- (citing Oliver v. Cal Dive International, Inc., 02-1122 (La. App. 1 Cir 4/2/03), 844 So.2d 942). Arias, clarifies that the sworn narrative report in lieu of a physician’s testimony as referenced in La. C.C.P. art. 1702(D) is only necessary when the admissible medical records are not sufficient to establish a prima facie case as to the injury alleged. Id. p. 14, at 802. In the instant case, the trial court determined the ^evidence in the medical records and Dr. Casey’s report to be sufficient proof for a prima facie case for Ms. Goldfinch’s injuries and I do not find that she was manifestly erroneous in that ruling.
Next, United argues that the trial court erred in not granting its motion for new trial. This Court reviews the denial of a motion for new trial under an abuse of discretion standard. Campbell v. Tork, 2003-1341 (La.2004), 870 So.2d 968. United maintains that once it was properly served with the citation and petition for damages in 2002, it forwarded same to its insurer, Imperial, who failed to represent and defend as required by its policy. United further conceded that at no time over the more than five years after service did it follow up with its insurer on the *1183 status of the case. United avers that since Imperial was granted a motion for new trial its motion should have also been granted.
The issues between United and its insurer are outside the scope of Ms. Goldfinch’s claims and the judgment in her favor. As United explained in its brief, it has filed a reconventional demand against its carrier for failure to defend and indemnify and bad faith claims handling. There were no legal grounds presented to the trial court which warranted a new trial in favor of United. Accordingly, I find no abuse of discretion on the part of the trial court in denying United’s motion for new trial.
Therefore, I would affirm the- trial court’s granting of the default judgment against United and the subsequent denial of United’s motion for new trial.