DOWNING, J.,
specially concurring.
| ,1 write this special concurrence to reiterate some of the acceptable methods for introducing insurance policies into evidence:
1. When an insurance company is a party, its produced policy could be considered an admission under certain circumstances. See Arias v. Stolthaven New Orleans, L.L.C., 08-1111, pp. 13-16 (La.5/5/09), 9 So.3d 815, 824-25, for a discussion distinguishing a party insurer’s failure to respond to requests for admissions;
2. An insurance policy could be introduced as a properly authenticated business record of an insurance company;
3. A party that is not an insurance company could request the production of an insurance policy certified according to La. R.S. 13:3733;
4. The parties could stipulate to admissibility and authenticity of a policy;
5. An opposing party could decline to object to the introduction of an insurance policy;
6. Possibly, a party that is not an insurance company could be requested to admit that the terms and conditions of a copy were the actual terms and conditions of the policy in question.
GAIDRY, J., agreeing and assigning additional reasons.
|,I agree with the majority’s reasoning and the result reached, and offer the following additional observations.
I take issue with the contentions of the City/Parish and the holding of the trial court regarding the prescription of any claims based upon defective design of the drainage system. The City/Parish argues that any “allegations” or “claims” of negligent design of the subdivision and its drainage system had long prescribed, since the approval process occurred in 1966. The trial court seemed to uncritically accept, without analysis, the astonishing proposition that a type of negligent act or omission can prescribe, before any damage is sustained and a cause of action for damage resulting from the act or omission accrues. Negligent acts or omissions do not prescribe; causes of action prescribe. A delictual cause of action, under our duty-risk analysis, requires that damage or injury be caused as the result of the breach of a legal duty. Until such damage is found to have occurred, there is no tort. Such an | ¡.incomplete “tort” cannot prescribe, because the prescriptive period will not have commenced. Thus, even if the trial court had predicated its finding of liability upon negligent design of design of the subdivision and its drainage system, it would not have been in error on the issue of prescription.