PER CURIAM.
bin these consolidated applications, rela-tors, National Union Fire Insurance Company of Pittsburgh, Pa., and United States Fire Insurance Company, seek review of a judgment of the district court denying their motions for summary judgment. Re-lators acknowledge they were held jointly and solidarily liable to plaintiffs in then-capacity as insurers of the Housing Authority of New Orleans. Johnson v. Orleans Parish Sch. Bd., 06-1223 (La.App. 4th Cir.1/30/08), 975 So.2d 698, writ denied, 08-0607 (La.6/27/08), 983 So.2d 1289, cert. denied, 555 U.S. 1085, 129 S.Ct. 768, 172 L.Ed.2d 756 (2008). Nonetheless, re-lators assert they are not liable to those plaintiffs whose claims fall outside of then-respective policy periods.
In denying relators’ motions for summary judgment, the district court relied on language from the court of appeal’s 2008 opinion, which provides “[w]e also clarify that HANO’s insurers should have to pay all sums owed by HANO to the class, subject to their right to seek contribution from the other insurers, HANO and the City, for any sums they are obligated to pay for claims that fall outside of their terms of coverage” [emphasis added]. However, relators argue this language is mere dicta, and is at odds with other language in the 2008 opinion providing “[f|or the coverage to apply, all that the policies require is for the ‘invasion of the right of private occupancy’ to take place during the policy period” [emphasis added]. Defendants submit the appellate court’s “clarification” language is mere dicta.
*390 [2We agree. It is well settled in our jurisprudence that an insurer cast in judgment is entitled to rely on its coverage defenses. See Arceneaux v. Amstar Corp., 10-2329 (La.7/1/11), 66 So.3d 438; Norfolk S. Corp. v. California Union Ins. Co., 02-0369 (La.App. 1st Cir.9/12/03), 859 So.2d 167, 198, writ denied, 03-2742 (La.12/19/03), 861 So.2d 579; See also Arias v. Stolthaven New Orleans, L.L.C., 08-1111 (La.5/5/09), 9 So.3d 815 (holding that the Direct Action Statute does not extend the protection of the liability policy to risks which were not covered by the policy or were excluded).
The “clarification” in the court of appeal’s 2008 opinion purporting to impose liability for claims falling outside of rela-tors’ coverage is contrary to this well-settled jurisprudence, and is internally inconsistent with other statements in the opinion. In addition, there is no indication any party to the appeal sought such relief. Under these circumstances, we must conclude the purported “clarification” is merely obiter dicta, which is not binding on the district court.
Accordingly, the writs are granted. The judgment of the district court denying re-lators’ motions for partial summary judgment is vacated and set aside. The case is remanded to the district court, which is instructed to enter partial summary judgment in favor of relators with respect to any claims falling outside of their respective coverages.