| CAG, LLC D/B/A JC PATIN | * | NO. 2020-CA-0325 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| SIMONE WATSON, THOMAS B. WATSON, AND PATRICIA A. WATSON | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

*TGC*

**CHASE, J., CONCURS IN THE RESULT WITH REASONS**

I respectfully concur. As noted, in the majority opinion, the Louisiana Supreme Court has stated that "[c]onfirmation of a default judgment is similar to a trial and requires, with admissible evidence, "proof of the demand sufficient to establish a prima facie case." The elements of a prima facie case are established with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant." *Arias v. Stolthaven New Orleans, L.L.C.*, 2008-1111, p. 7 (La. 5/5/09), 9 So.3d 815, 820 (citations omitted). Based on the record before this Court, Patin has not established a *prima facie* case against the Watsons for an action on an open account. I would find the trial court erred in denying the petition to annul and granting the confirmation of default. As such, I would reverse on the basis of Patin's failure to establish a *prima facie* case and would pretermit any analysis of fraud or ill practices regarding the actions of Patin or the First City Clerk of Court's office.

Regarding the motion to stay, I agree the trial court was without authority to consider any pleadings after the order granting the suspensive appeal. *See* La. C.C.P. art. 2088.