Judgment rendered January 13, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,663-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

SCOTT HARLAN ALEXANDER          Plaintiffs-Appellees
AND ADELIA ANGELETTE
ALEXANDER


versus


RODGERS HOMES AND               Defendants
CONSTRUCTION, INC., ET AL.


* * * * *


Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 161,151


Honorable E. Charles Jacobs, Judge


* * * * *


LUNN IRION LAW FIRM, LLC            Counsel for Appellant,
By: James A. Mijalis                Houston Specialty
    Alexander J. Mijalis            Insurance Company
    William H. Priestly, Jr.


PETTIETTE, ARMAND, DUNKELMAN,
WOODLEY, BYRD & CROMWELL, LLP
By: Donald Armand, Jr.


COOK, YANCEY, KING & GALLOWAY,      Counsel for Appellees,
APLC                                Scott Harlan Alexander
By: Robert Kennedy, Jr.             and Adelia Angelette
                                    Alexander

MARK ODOM, JR.                         Counsel for Appellee,
                                       Rodgers Homes and
                                       Construction, Inc.

* * * * *


Before PITMAN, THOMPSON, and BLEICH (*Pro Tempore*), JJ.

**PITMAN, J.**

Defendant Houston Specialty Insurance Company, alleged insurer of Rodgers Homes and Construction Inc. ("Rodgers"), appeals a default judgment granted in favor of Plaintiffs Scott and Adelia Alexander in the amount of $248,426.19 plus attorney fees and costs. For the following reasons, we reverse the judgment of the trial court and remand for further proceedings.

## FACTS

Plaintiffs entered into a contract with Rodgers to build their dream home in Bossier Parish. The total price of construction of the home was over $900,000. Some work still needed to be completed after Plaintiffs began occupying the home in December 2018, including cleaning of its numerous windows. Rodgers sent a subcontractor, Shelia Millican,[1] d/b/s Scrubs Cleaning Service ("Scrubs Cleaning"), to clean the windows. After she finished, Plaintiffs noticed that the windows had been damaged by the cleaning product Millican used. They demanded that Rodgers fix the damage, and three efforts were made to replace the windows and glass doors in the house.

The first replacement windows were too small. The second and third sets of windows contained "crop circles" that showed between the panes of glass which were left by the manufacturing process. Plaintiffs also noticed that the windows leaked when it rained.

Plaintiffs filed suit against Rodgers, Scrubs Cleaning and Defendant, which was alleged to be Rodgers's commercial general liability insurer.

---

[1] The petition states that this person's name is Shelia, but in other parts of the record, she is called Sheila.

They alleged defects under the New Home Warranty Act and breach of contract.

Rodgers answered the petition and pled affirmative defenses. Defendant was served, but failed to file responsive pleadings. Plaintiffs were granted a preliminary default, and a hearing was held on a final default judgment. At the hearing, Christopher Randel from The Cottage, a business that inspects and evaluates existing windows and doors prior to replacement, testified that he had examined Plaintiffs' house and that an amount of $216,022.77 would be sufficient to repair the glass in the home and all the window frames. The attorney requested $5,000 in fees as per the contract in the event there was defective workmanship in the building of the home. The trial court made the decision to add an extra 15 percent to the total so that Plaintiffs would have enough money to cover any unexpected expenses in the repair.

The trial court confirmed the default, and a final default judgment was entered against Defendant on January 30, 2020, in the amount of $248,426.19 plus $5,000 in attorney fees. When served with notice of the default judgment, Defendant filed a suspensive appeal.

**DISCUSSION**

Defendant argues that the trial court erred in admitting Exhibit B, a copy of the alleged insurance policy issued by Defendant to Rodgers, because Plaintiffs failed to authenticate the policy with reliable evidence under La. C.E. arts. 901, *et seq*. It contends that without the proof of authentication of the policy, Plaintiffs failed to make a *prima facie* case as required by La. C.C.P. art. 1702(A). It asserts that the unauthenticated insurance policy issued by it to Rodgers could have been authenticated by

2

offering Rodgers's testimony identifying the policy, proclaiming that premiums were paid for the policy and that it was in full force and effect or by filing a request for admission as to the identity of the policy and its effectiveness. However, none of these options were pursued by the Plaintiffs.

Plaintiffs argue that the only true issue is whether Defendant has satisfied its burden on appeal of establishing that the trial court abused its discretion in concluding that there is sufficient evidence from which a reasonable juror could find that the exhibit is a copy of the commercial general liability insurance policy issued by it to Rodgers for the time period at issue in this case. They contend that Exhibit 2 is self-authenticating in that it contains many indications that it is the policy issued by Defendant to Rodgers, with all declarations, forms, endorsements and exclusions. There are references throughout the Exhibit that identify it as the policy issued to Rodgers, and it bears the signatures of the president and secretary of Defendant and its authorized representative.

For these reasons, Plaintiffs frame the issue as one not of admissibility or authenticity of the evidence, but as one pertaining to whether the trial court erred in concluding that the evidence was sufficient upon which to base a final default judgment.

The appellate jurisdiction of courts of appeal extends to both law and facts. La. Const. art. V, § 10(B). A court of appeal may not overturn a judgment of a trial court absent an error of law or a factual finding that was manifestly erroneous or clearly wrong. *Stobart v. State Through Dep't. of Transp. and Dev.,* 617 So. 2d 880 (La.1993). When the court of appeal finds that a reversible legal error or manifest error of material fact was made in the

trial court, it is required to redetermine the facts *de novo* from the entire record and render a judgment on the merits. *Rosell v. ESCO*, 549 So. 2d 840 (La. 1989). In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment. *Arias v. Stolthaven New Orleans, L.L.C.*, 08-1111 (La. 5/5/09), 9 So. 3d 815. This determination is a factual one governed by the manifest error standard of review. *Id*.

In *Arias*, *supra*, the Louisiana Supreme Court addressed a default judgment rendered against an insurer and held that an insurer's liability could not be established for purposes of confirming a default judgment without admission into evidence of the actual contract for insurance. Confirmation of a default judgment is similar to a trial and requires, with admissible evidence, proof of the demand sufficient to establish a *prima facie* case. *Id*., *citing* La. C.C.P. art. 1702(A). The elements of a *prima facie* case are established with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant. *Id*. In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail at trial on the merits. *Id*. A plaintiff seeking to confirm a default must prove both the existence and the validity of his claim. A default judgment cannot be different in kind from what is demanded in the petition and the amount of damages must be proven to be properly due. *Id*., *citing* La. C.C.P. art. 1703.

At the hearing on the confirmation, the rules of evidence generally apply. The plaintiff must follow the rules of evidence even though there is no opponent. *Id*. The *Arias* court noted that "inadmissible evidence, except

4

as specifically provided by law, may not support a default judgment even though it was not objected to because the defendant was not present." *Id.*

The *Arias* court also stated that "when an obligation is based on a writing, *prima facie* proof of the obligation requires introduction of the writing into evidence." *Id.* The court stated that the insurance policy was the principal basis for the plaintiffs' claims against the insurer in securing a default judgment; and, thus, it was essential that the policy be included as evidence to support a *prima facie* showing of liability coverage of the insurance. *Id.*

La. C.C.P. art. 1702(B)(1) concerns default procedure and states:

> When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering a final default judgment.

La. C.E. art. 1003 concerns admissibility of duplicates as evidence and states that duplicates are admissible to the same extent as originals unless under the circumstances it would be unfair to admit the duplicate in lieu of the original.

The court in *Arias* noted that while the direct action statute gives injured persons the right to bring a direct action against an insurer, the terms and conditions of the insurance policy are part of the principal basis for the claims and are critical to establish a *prima facie* case of the insurer's liability as well as the plaintiff's right to pursue the insurer alone by default. The court stated:

> In a case such as this, where plaintiffs are seeking a default judgment against the insurer, although the insured has answered the petition and denied liability, the terms and conditions of the

5

> insurance policy are part of the principal basis for the claims and critical to establishing a *prima facie* case of the insurer's liability, as well as the plaintiffs' right to pursue the insurer alone by default.

*Arias v. Stolthaven New Orleans, L.L.C.*, *supra*.

In the case *sub judice*, Plaintiffs failed to authenticate the insurance policy containing the terms and conditions that were part of the principal basis for their claims and which were critical to establishing a *prima facie* case of the insurer's liability. Although La. C.C.P. art. 1702(B) states that the policy may be self-authenticating, the article also states that the trial court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering a final default judgment. Further, admission of the duplicate, instead of the original, was unfair under the circumstances when Plaintiffs failed to authenticate the insurance policy and, instead, relied on the fact that it had the company name and logo on it, all of the endorsements and exclusions and signed by company executives.

Plaintiffs could have taken many different approaches to authenticate the insurance policy through a request for admission to the insurer, a request for admission to the builder/insured, live testimony from the builder as to the existence and effectiveness of the insurance policy or deposition testimony from someone with knowledge regarding the policy. Plaintiffs took none of these actions to support the existence and good standing of the insurance policy.

We find that the unauthenticated insurance policy is insufficient evidence to support the judgment and award of the trial court, and a *prima facie* showing has not been made that Plaintiffs are entitled to the judgment rendered. The judgment of the trial court in favor of Plaintiffs and against

Defendant is hereby reversed. The matter is remanded for further proceedings consistent with this opinion.

Defendant raised other assignments of error regarding exclusions in the insurance policy which it deemed applicable to the case at bar; however, based on this court's decision to reverse the judgment of the trial court due to the insufficiency of the evidence, those issues are pretermitted.

## CONCLUSION

For the foregoing reasons, the default judgment of the trial court in favor of Plaintiffs Scott and Adelia Alexander and against Defendant Houston Specialty Insurance Company is hereby reversed and remanded for further proceedings consistent with this opinion. Costs of appeal are assessed to Plaintiffs.

**REVERSED AND REMANDED.**