| | | |
|---|---|---|
| **WALID ATTAMARI** | * | **NO. 2024-CA-0128** |
| **VERSUS** | * | **COURT OF APPEAL** |
| **ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY** | * | **FOURTH CIRCUIT** |
| | * | **STATE OF LOUISIANA** |
| | * | |
| | * | |

\* \* \* \* \* \* \*

**BELSOME, J., DISSENTS WITH REASONS.**

I would hold that appellee failed to present a *prima facie* case to support the default judgment. In particular, the record does not show that appellee presented a copy of his insurance policy or the unconditional tender communication and payment. La. C.C.P. art. 4904 is the procedural article that controls the default procedure in this case. It requires "competent" and "admissible" evidence. To the extent that appellee introduced evidence at the default hearing, the documents were admissible. In any trial against an insurer, the policy is a required proof. In the absence of a certified copy, appellee could and should have offered his copy of the policy. Likewise, appellee's failure to introduce evidence of the unconditional tender by appellant leaves a gap in the necessary evidence to establish a prima facie case.

Faced with an almost identical situation, our Supreme Court specifically held that an insurance policy is required to make a *prima facie* case against and insurer in a default judgment scenario:

> As to the case at hand, the American insurance policy is deemed the "principal basis" for the plaintiffs' claims against the insurance carrier in securing a default judgment. Therefore, following *Ascension Builders, Inc., it is essential that the insurance policy must be included in the submission of evidence to support a prima facie showing of liability coverage* of Stolthaven that would extend to Mr. Arias for the occurrence that caused his injuries. *Arias v. Stolthaven*

*New Orleans, L.L.C.,* 2008-1111, p.11 (La. 5/5/09), 9 So. 3d 815, 822. (Emphasis added.)

Elsewhere in *Arias*, *id.*, the court held that the same rule applies whenever a writing forms the basis of a claim. Therefore, for the same reason that the insurance policy was required to prove the existence of coverage, the payment and communication regarding appellant's unconditional tender of settlement is also a requirement in order to overcome the defense of prescription.

Lacking proof of the appellee's insurance policy and the unconditional tender of a settlement payment, the default judgment is not supportable. I would reverse and remand for further proceedings to allow for proof of the policy and the unconditional tender.