**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**24-618**

**FARM CREDIT SERVICES OF AMERICA, PCA**

**VERSUS**

**JOSHUA J. SEMIEN AND JOYCE LEE SEMIEN**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 24-C-01339-D
HONORABLE GREGORY JAMES DOUCET, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**GUY E. BRADBERRY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Van H. Kyzar, Ledricka J. Thierry, and Guy E. Bradberry, Judges.

**AFFIRMED.**

**Joyce Lee Semien**
**P.O. Box 1058**
**Lawtell, Louisiana 70550**
**(337) 945-8945**
**DEFENDANT/APPELLANT IN PROPER PERSON**

**Stephen P. Strohschein**
**Trevor C. Mosby**
**Hinshaw & Culbertson, LLP**
**400 Convention Street, Suite 1001**
**Baton Rouge, Louisiana 70802**
**(225) 333-3250**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Farm Credit Services of America, PCA**

**George F. Severson**
**P.O. Box 1788**
**Opelousas, Louisiana 70571-1788**
**(337) 407-5160**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Joshua J. Semien**

**BRADBERRY, Judge.**

Defendant Joyce Semien appeals the judgment of the trial court, which granted the judgment of default filed by Plaintiff Farm Credit Services of America, PCS (Farm Credit). For the following reasons, we affirm.

On June 24, 2024, Farm Credit filed a Suit on Contract and For Recognition of Security Interests, seeking (1) a money judgment against Defendants Joshua and Joyce Semien for failure to make payments on a contract, and (2) security interests in movable property owned by Defendants to secure their obligations.

The petition alleges Defendants purchased certain equipment from Medlin Equipment Company of Mississippi County (Medlin) on April 30, 2021, as evidenced by a Retail Installment Contract and Security Agreement. Defendants financed $55,821.00 at an annual interest rate of 3.75% and agreed to make semiannual payments of $6,184.27, beginning November 1, 2021. The last payment was due on May 1, 2026. The contract also contains a security agreement that grants the seller a security interest in the equipment in order to secure the obligations contained in the contract.

The petition further alleges that Defendants failed to make the November 1, 2023 payment and every payment thereafter, constituting a default on the contract. Thereafter, Medlin assigned its interest in the contract to Farm Credit. After sending Defendants multiple default notices, Farm Credit filed this lawsuit. After securing service of process on Ms. Semien and with no answer filed, Farm Credit moved for a default judgment against her. Attached to the motion, Farm Credit filed the affidavit of Tracie L. Archer, who works as a litigation officer for Farm Credit, the retail installment contract, the UCC Financing Statement Farm Credit recorded with the Clerk of Court of Caddo Parish to perfect its security interest in the equipment,

and several default notices Farm Credit sent to Defendants. The trial court signed a judgment granting the motion for default on August 13, 2024, for unpaid principal in the amount of $34,903.53, plus contractual interest, default interest, expenses, and attorney's fees. Ms. Semien now appeals.

Ms. Semien argues that the IP address for the DocuSign endorsement has a location stamp in Ocean Springs, Mississippi. She contends that she has never been to Ocean Springs nor is she computer literate. Finally, she maintains that Farm Credit's evidence is not sufficient to support the judgment of default.

"In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment." *Arias v. Stolthaven New Orleans, L.L.C.*, 08-1111, p. 5 (La. 5/5/09), 9 So.3d 815, 818. This review is governed by the manifest error standard. *Id*. "There is a presumption that a default judgment is supported by sufficient evidence, but this presumption may be rebutted by the record upon which the judgment is rendered." *Id*. at 820. A defendant may not assert an affirmative defense on appeal of a default judgment. *Id*.

The law applicable to default judgments is found in La.Code Civ.P. art. 1702. It states, in pertinent part:

> B. (1) When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto that contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering a default judgment.

We find that the record is supported by sufficient evidence and that Farm Credit has proved a prima facie case in accordance with La.Code Civ.P. art. 1702. The retail installment contract establishes the existence of the obligation, including

2

the make and model of the equipment sold, the purchase price, and the terms of purchase. Also included in the contract is a security agreement granting the seller a security interest in the equipment sold. The contract was signed via DocuSign by Joshua J. Semien and Joyce Lee Semien on April 30, 2021. In her affidavit, Ms. Archer attests to the terms of the contract and to the failure of Defendants to make regularly scheduled payments, as required by the contract, from November 1, 2023, onward. She states the amount owed on the contract plus interest, fees, and expenses. She further attests that Medlin assigned its rights to Farm Credit pursuant to the "Seller Assignment" section on page 2 of the contract. The UCC Financing Statement, securing Farm Credit's interest in the equipment, in addition to multiple default notices sent to Defendants, are also attached as evidence. We find this evidence to be sufficient proof of a conventional obligation between Farm Credit and Ms. Semien.

Ms. Semien also argues that she did not sign the contract via DocuSign and that the IP address of the person that signed the contract was located in Ocean Springs, Mississippi. There is no evidence of these allegations in the record. Further, Ms. Semien is barred from asserting an affirmative defense for the first time on appeal from a default judgment. *Arias*, 9 So.3d 815.

We find Farm Credit established a prima facie case to prove the allegations in the petition and did so with sufficient evidence.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to Defendant Joyce Semien.

**AFFIRMED.**

3