STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1487

SEALE & ROSS, P.L.C.

VERSUS

NEDRA HOLDER

Judgment Rendered: **AUG 0 3 2020**

* * * * *

On Appeal from the
Twenty-First Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Trial Court No. 2018-1261

The Honorable William J. Burris, Judge *pro tempore* Presiding

* * * * *

| | |
|---|---|
| David S. Moyer<br>Luling, Louisiana | Attorney for Defendant/Appellant,<br>Nedra Holder |
| Glen R. Galbraith<br>Hammond, Louisiana | Attorney for Plaintiff/Appellee,<br>Seale & Ross, P.L.C. |

* * * * *

BEFORE: WHIPPLE, C.J., GUIDRY, AND PENZATO, JJ.

**PENZATO, J.**

Appellant, Nedra Holder, appeals a trial court judgment rendered in favor of appellee, Seale & Ross, P.L.C., (Seale & Ross) following a bench trial.[1] For the reasons that follow, we affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

Seale & Ross, a law firm, filed suit on open account in accordance with La. R.S. 9:2781 against Holder on April 17, 2018, alleging that the firm had represented her in a domestic matter and that Holder owed the firm $43,715.52 plus interest at the rate of 12% per year from March 31, 2018 until paid, and reasonable attorney's fees pursuant to La. R.S. 9:2781 in the amount of 25% of the principal and interest due. Attached to the petition was an affidavit of Nicole R. Dillon, an attorney at Seale & Ross; a detail of the legal services rendered on Holder's case beginning September 10, 2013, until November 29, 2017; and Seale & Ross correspondence of October 26, 2017, demanding payment from Holder for legal services rendered through September 30, 2017. Holder answered the suit and asserted several affirmative defenses, including breach of an oral agreement.

A trial was held in this matter on June 10, 2019. Dillon testified at the trial that she was a partner at Seale & Ross, and in connection with her employment, she represented Holder in her domestic matter. Dillon stated that she had sent two retainer agreements to Holder, but neither was returned signed. Therefore, she operated under her normal billing practices. Her agreement with Holder was for an hourly basis ongoing. Dillon denied that she told Holder the legal fees would not exceed $25,000.00.

---

[1] This matter was tried by Judge M. Douglas Hughes on June 10, 2019. Judge Hughes issued written reasons on June 28, 2019, and retired before a written judgment was presented for his signature. Judge William J. Burris was appointed to fill the vacancy. Pursuant to La. R.S. 13:4209, Judge Burris reviewed the written reasons of Judge Hughes and signed a judgment in accordance therewith on August 13, 2019.

2

The underlying domestic matter spanned approximately three years. Dillon testified that the matter was very complicated requiring multiple court appearances. Additionally, they were tracing "lots of" separate funds through bank accounts to determine reimbursement claims, and she indicated that the other "side" was very contentious. Dillon filed multiple rules for contempt against the ex-husband, who was jailed on one occasion for same. Dillon also pursued the ex-husband for stalking her, which resulted in his arrest. Holder's ex-husband switched attorneys during the litigation and also represented himself at points. The majority of legal work in the case involved the community property settlement; however, she also performed legal services in connection with the divorce portion. She testified that all charges were legitimate charges related to Holder's case.

Holder testified, admitting that she hired Dillon as her attorney and that she was billed monthly as the services were rendered. Holder further testified that at their initial meeting, Dillon orally informed her that the cost of the legal services would be $20,000.00 to $25,000.00. Holder also testified that at some point Dillon told her to pay only the minimum amount due on the monthly bills because Dillon was going "to write most of it off." She explained that she had been paying between $1,000.00 and $3,000.00 a month, but then began paying only $100.00 a month. Holder further testified that she never signed a contract or loan agreement with Dillon and did not agree to pay any interest.

Dillon admitted that she had a conversation with Holder regarding Holder's financial situation. She informed Holder that the bill did not have to be paid in full each month, but at the end of the case they would discuss payment in full when the community property matter was settled. Dillon expected that Holder would receive a house with no mortgage, some retirement benefits, and some liquid funds

3

at the conclusion of the community property settlement. Dillon denied that she agreed to "write off" any amount of legal services.

At the completion of the trial, the trial court allowed Holder thirty days to submit a post-trial memorandum detailing any objection to specific charges contained on Exhibit 1, the invoices of Seale & Ross. Dillon was given thirty days thereafter to respond to Holder's memorandum. However, prior to either of these deadlines, on June 28, 2019, Judge Hughes issued written reasons for judgment finding that Seale & Ross was entitled to $30,000.00 in attorney's fees together with legal interest and additional attorney's fees pursuant to La. R.S. 9:2781 in the amount of $7,500.00. The reasons for judgment were filed in the record on July 8, 2019. On July 17, 2019, Holder filed a memorandum opposing plaintiff's petition.[2] Judge William J. Burris, *pro tempore*, issued a *per curiam* opinion on August 13, 2019, indicating that he had reviewed the reasons for judgment of the predecessor judge. On that date, he also signed a judgment in accordance with those reasons. It is from the August 13, 2019 judgment that Holder appeals.

## ASSIGNMENTS OF ERROR

Holder alleges that the trial court erred in: (1) not considering her post-trial memorandum; (2) determining that Seale & Ross was entitled to collect attorney's fees and costs based upon an oral agreement; (3) determining that Seale & Ross was entitled to collect interest and finance charges based on the oral agreement; (4) determining that the fees billed were reasonable; and (5) determining that Seale & Ross was entitled to collect attorney's fees and costs for items billed wholly unrelated to Holder's domestic matter.[3] (Appellant Brief at pp. 2-3).

---

[2] Holder asserts that she fax filed her post-trial memorandum on July 10, 2019, and in compliance with La. R.S. 13:850, filed the original with the clerk's office on July 17, 2019. However, there is nothing in the record to indicate that Holder's post-trial memorandum was fax filed. The pleading reflects a date stamp filing date of July 17, 2019.

[3] Holder has not assigned as error the award of attorney's fees pursuant to La. R.S. 9:2781(F).

4

## LAW AND DISCUSSION

### Existence of Oral Contract

We first address Holder's second assignment of error that the trial court erred in determining that Seale & Ross was entitled to collect their attorney's fees based upon an oral agreement. Seale & Ross sought attorney's fees based on an open account. An open account is a legal term of art, and in the normal course of business, an open account is analogous to a credit account. *Roofing Products & Building Supply Co., LLC v. Mechwart*, 2013-1506 (La. App. 1st Cir. 5/2/14), 2014 WL 2711793, at *3 (unpublished). For there to be an action on an open account, there must necessarily be a contract which gave rise to that debt. *Id.* A creditor suing on an open account must prove that the debtor contracted for the sales on open account. *Id.*

In an action on an open account, a plaintiff bears the burden of proving his demand by a preponderance of the evidence. *Action Oilfield Services., Inc. v. Energy Management Co.*, 2018-1146 (La. App. 1st Cir. 4/17/19), 276 So. 3d 538, 542. The plaintiff must first prove the account by showing that it was kept in the course of business and by introducing supporting testimony as to its accuracy. *Id.* Once the plaintiff has established a prima facie case, the burden shifts to the debtor to prove the inaccuracy of the account or to prove that the debtor is entitled to certain credits. *Id.* The amount due on an account is a question of fact that may not be disturbed absent manifest error. *Aurora Casket Co. v. Hall Davis & Sons Funeral Services, Ltd.*, 2010-0115 (La. App. 1st Cir. 6/11/10), 2010 WL 2342832, at *2 (unpublished) (*citing Deutsch, Kerrigan & Stiles v. Fagan*, 1995-0811 (La. App. 1st Cir. 12/15/95), 665 So. 2d 1316, 1320, *writ denied*, 1996-0194 (La. 3/15/96), 669 So. 2d 418; *Jacobs Chiropractic Clinic v. Holloway*, 589 So. 2d 31, 34 (La. App. 1st Cir. 1991)).

At trial, Dillon testified that she represented Holder in the domestic matter and that her agreement was an hourly basis ongoing. Holder admitted that she hired Dillon as her attorney and was billed monthly as the services were rendered. The bills were introduced at the trial and marked as Exhibit 1. Dillon confirmed in her testimony that Holder did owe the bills reflected therein and that all charges were legitimate charges related to Holder's case.

When claiming the existence of an oral contract for the payment of money above $500.00 in value, the party must prove the existence and terms of the contract by at least one credible witness and other corroborating circumstances. La. C.C. art. 1846; *Griffin v. Design/Build Associates, Inc.*, 2018-1720 (La. App. 1st Cir. 5/31/19), 278 So. 3d 399, 404. In proving the existence of an oral contract, a party in the litigation may serve as her own witness in fulfilling the requirements of La. C.C. art. 1846. *Id.* With regard to an oral contract, a plaintiff may offer his own testimony in support of his claim; however, the other circumstances which corroborate the claim must come from a source other than the plaintiff. *Diversified Marine Services, Inc. v. Jewel Marine, Inc.*, 2016-0617 (La. App. 1st Cir. 6/2/17), 222 So. 3d 1008, 1014. The other corroborating circumstances need only be general in nature and independent proof of every detail of the agreement is not required. *Read v. Willwoods Community*, 2014-1475 (La. 3/17/15), 165 So. 3d 883, 888. The existence or non-existence of a contract is a question of fact, and the trial court's determination of this issue will not be disturbed unless manifestly erroneous or clearly wrong. Similarly, the issue of whether there were corroborating circumstances sufficient to establish an oral contract is a question of fact. *Id.* at 888. It is well settled that a court of appeal may not set aside a trial court's finding of fact in the absence of "manifest error" or unless it is "clearly wrong," and where there is conflict in the testimony, reasonable evaluations of

6

credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Snider v. Louisiana Medical Mutual Insurance Co.*, 2014-1964 (La. 5/5/15), 169 So. 3d 319, 323 (*citing Rosell v. ESCO*, 549 So. 2d 840, 844 (La. 1989)).

Holder asserts that Seale & Ross did not prove the existence of an oral contract pursuant to La. C.C. art. 1846. Holder argues that the oral contract included a provision that Dillon was going to write off legal fees over $25,000.00, and that Seale & Ross did not offer any corroborating evidence or testimony to refute her testimony.

Holder relies upon *Regel L. Bisso, L.L.C. v. Stortz*, 2011-25 (La. App. 5th Cir. 10/25/11), 77 So. 3d 1033, 1036, for the proposition that evidence in the form of testimony from a member of a law firm, billing statements, and demand letters is insufficient to prove the existence of an oral contract. However, we recognize that in *Stortz*, all of the evidence to establish the oral contract came from the plaintiff law firm and there was no corroborating evidence of an oral contract. In the present case, the existence of an oral contract between Holder and Seale & Ross for legal services regarding the domestic matter is not in dispute. Dillon testified as to the existence of an oral contract for legal services. The corroborating circumstances of the oral contract came from a source other than Seale & Ross, as Holder provided the testimony admitting that she hired Dillon to perform legal work; that she received monthly bills for that work; and that she paid some of those bills. The dispute at issue pertains to the inclusion of a provision limiting the attorney's fees to $25,000.00 as asserted by Holder.

When factual findings are based on determinations regarding witness credibility, the manifest error/clearly wrong standard of review demands great

7

deference to the trier of fact's findings. *ES v. Thomas*, 2017-1213 (La. App. 1st Cir. 5/31/19), 278 So. 3d 982, 989. Moreover, as the trier of fact, the trial court was entitled to accept or reject, in whole or in part, the testimony of any witness. *Id.* Herein, Holder testified that the oral fee contract was limited to no more than $25,000.00. Dillon testified that she made no such agreement and detailed the complicated nature of the domestic matter. Dillon further testified that her forbearance of payment of the monthly bills in full was based upon her expectation that Holder would receive a house and funds in settlement, which Holder did in fact receive. As the trial court was free to accept or reject the testimony of any witness and make credibility determinations, we find no manifest error on the part of the trial court in finding the existence of an oral contract for legal services and further finding that there was no agreement to limit the contract to $25,000.00 as argued by Holder.

**Contractual and Legal Interest**

Holder argues that the trial court erred in awarding Seale & Ross contractual interest when there existed no written agreement and that only legal interest was allowable. Louisiana Revised Statute 9:3500(A) provides that interest may be legal or conventional. The amount of conventional interest cannot exceed twelve percent per annum and must be fixed in writing. La. R.S. 9:3500(C)(1); *Chittenden v. State Farm Mut. Auto. Ins. Co.*, 2000-0414 (La. 5/15/01), 788 So. 2d 1140, 1150. It is allowable under Louisiana law for an attorney to charge a client interest on sums overdue as long as that interest rate is spelled out in a contractual agreement. *Gold, Weems, Bruser, Sues, & Rundell v. Granger*, 2006-859 (La. App. 3rd Cir. 12/29/06), 947 So. 2d 835, 844, *writ denied*, 2007-0421 (La. 4/27/07), 955 So. 2d 687. There was no writing whereby the parties agreed to contractual interest in the present matter. Dillon agreed that no written agreement

8

was ever signed. Therefore, Seale & Ross is not entitled to any contractual interest on the attorney's fees invoices.

In the present case, the reasons for judgment issued by Judge Hughes are silent as to an award for contractual interest. Rather, they specifically provide that "Plaintiff is entitled to the amount of $30,000.00 for **reasonable attorney's fees** incurred by Defendant Holder together with legal interest." (Emphasis added). Furthermore, the August 13, 2019 judgment awarded Seale & Ross $30,000.00 plus legal interest from the date of judicial demand, without mention of contractual interest. Generally, silence in a judgment of the trial court as to any issue, claim, or demand placed before the court is deemed a rejection of the claim and the relief sought is presumed to be denied. *Matter of Cole*, 2019-0938 (La. App. 1st Cir. 12/27/19), 293 So. 3d 1163, 1168, n.3, *writ denied sub nom. In Matter of Mental Health of Derrick Cole*, 2020-00184 (La. 5/9/20), ___ So. 3d ___; *Unisys Corp. v. Louisiana Office of Motor Vehicles Through Hodges*, 2018-0556 (La. App. 1st Cir. 12/28/18), 270 So. 3d 637, 654. The claim for contractual interest was before the trial court, as it was asserted in the petition filed by Seale & Ross. The trial court's silence in the reasons and corresponding judgment as to contractual interest was a denial of that claim. We, therefore, find that Seale & Ross was not awarded contractual interest by the trial court, and thus, this assignment of error lacks merit.

**Reasonableness and Relationship of Attorney's Fees**

Holder's fourth assignment of error is that the attorney's fees billed by Seale & Ross are unreasonable under the circumstances. It is well recognized that the Louisiana Supreme Court has full and exclusive authority to regulate all aspects of the practice of law, including the attorney-client relationship. *Whitney Bank v. NOGG, L.L.C.*, 2015-1399 (La. App. 1st Cir. 6/3/16), 194 So. 3d 819, 823. Further, "[c]ourts are vested with the responsibility of both monitoring and

9

analyzing the attorney-client relationship, even when it is based on a written contract between the parties." *Id. (quoting In re Interdiction of DeMarco*, 2009-1791 (La. App. 1st Cir. 4/7/10), 38 So. 3d 417, 427). Part of any attorney-client relationship is the fee the attorney may charge the client for professional services. *Whitney Bank*, 194 So. 3d at 823. Any court-ordered reduction in an attorney's fee must rest upon a factual finding that the excessive fee amount was never earned. *Id.* Absent a showing that the fee charged was clearly excessive, a contractual relationship between an attorney and client should not be altered. *Id.* at 823-24. Specifically, unless the attorney-client contract produces an excessive, unearned, or incommensurate fee when measured by the factors in Rule 1.5(a) of the Louisiana State Bar Association Rules of Professional Conduct ("RPC"), the fee charged must be considered reasonable and enforceable. *Id.* at 824.

The Louisiana Supreme Court has set forth ten factors to be considered in determining the reasonableness of attorney's fees: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances made; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court's own knowledge. *Id. (citing* RPC Rule 1.5(a); *State, Dep't of Transp. and Dev. v. Williamson*, 597 So. 2d 439, 442 (La. 1992)).

The "abuse of discretion" standard of review applies to an appellate review of an amount awarded by a trial court as a reasonable fee *after* a finding that a contractual fee was clearly excessive. *Whitney Bank*, 194 So. 3d at 824. The trial court has much discretion in fixing an award of attorney's fees, and its award will not be modified on appeal absent a showing of an abuse of discretion. *Id.*

Holder argues that the attorney's fees charged by Seale & Ross were excessive and unreasonable. Holder claims that Seale & Ross prepared a "Settlement Spreadsheet", which was not introduced into evidence in the domestic matter and that much of the work on the spreadsheet was excessive, duplicative, unnecessary, and unreasonable. This court is unable to determine the contents of the "Settlement Spreadsheet" and whether the work was excessive, duplicative, unnecessary, and unreasonable since it was not entered into evidence in the instant proceeding. Furthermore, there was no testimony or any other evidence provided by Holder regarding the "Settlement Spreadsheet." This court has no authority to consider on appeal facts referenced in appellate briefs, or in exhibits attached thereto, if those facts are not in the record on appeal. *Matter of Robinson*, 2018-0445 (La. App. 1st Cir. 2/6/20), 2020 WL 605164, *2 n.8 (unpublished). As such, the exhibit is not part of the appellate record and is not properly before this court on appeal.

Holder also claims that the attorney's fees are excessive because Seale & Ross billed the amount of $3,527.90 solely because it failed to respond to discovery requests on a timely basis. A review of the dates, time billed, and amounts billed submitted by Holder in brief compared to the pertinent invoices does not provide evidence that the billing was credited with an untimely response to discovery or inactivity on the part of Dillon. Additionally, Holder presented no testimony or other evidence at trial that Seale & Ross inappropriately billed in connection with discovery responses.

Holder further claims that Dillon insisted that she pursue a contempt action against her ex-husband that was unsuccessful and resulted in attorney's fees and costs in the amount of $5,041.82. Again, there is no evidence in the record before us that Holder did not wish to pursue a contempt action or of Dillon informing

11

Holder that she would not be charged for legal services related to the contempt action. Argument of counsel and briefs, no matter how artful, are not evidence. *Regan v. Caldwell*, 2016-0659 (La. App. 1st Cir. 4/7/17), 218 So. 3d 121, 128, *writ denied*, 2017-0963 (La. 4/6/18), 239 So. 3d 827.

There appears to have been no finding by the trial court that the fees were clearly excessive. Further, Seale & Ross offered the testimony of Dillon as to the reasonableness of the attorney's fees charged. Dillon explained that the case was very complicated and took a significant amount of time to complete involving multiple court appearances. Dillon testified that the parties had multiple separate funds and bank accounts that required tracing to determine reimbursement claims. Furthermore, the ex-husband was very contentious, which required the filing of several rules for contempt. Holder's ex-husband changed counsel during the course of the litigation and also appeared *pro se* at times. We find no evidence that the trial court erred in finding the attorney's fees charged were not clearly excessive and were reasonable based on the record.

Holder further asserts in her fifth assignment of error that the trial court erred by allowing Seale & Ross to charge attorney's fees related to a restraining order and criminal charges pursued by Dillon against Holder's ex-husband. Holder claims that these were "personal issues" and not in furtherance of her domestic matter.

Holder offered no testimony at trial regarding the restraining order or criminal charges against her ex-husband. The only testimony presented at trial came from Dillon, who testified that the ex-husband was very contentious; rules for contempt had to be filed; he was jailed for contempt; and he was arrested for stalking Dillon. Dillon testified that all the charges reflected on the invoice were legitimate charges relating to Holder's domestic matter, and that the matter was

difficult due to Holder's ex-husband. Holder never cross-examined Dillon regarding the attorney's fees related to a restraining order or criminal charges against the ex-husband. But for Dillon's representation of Holder, there is no evidence that Dillon would have had any interaction with Holder's ex-husband. Furthermore, there was no proof offered that Dillon provoked his actions.

The one who asserts a fact bears the burden of proving that fact; therefore, the burden of proving the reasonableness of the fees charged is on the attorney claiming fees are owed. *Gold, Weems*, 947 So. 2d at 842. Once an attorney proves to the trial court's satisfaction that the amount claimed due is actually owed, the burden of proof shifts to the client to prove that the fees are clearly excessive. *Id.*

> Of course, just because particular evidence is admissible does not mean that it will be persuasive to the finder of fact or that it is sufficient to support some particular factual finding. But, in the present case it is obvious that the trial court *did* find the billing statements persuasive. **The issues of the work done and the amounts owed are ones of fact and we may not set aside the trial court's factual determinations unless they are "clearly wrong" or "manifestly erroneous."** (Emphasis added).

*Id.* (*quoting Fawer, Brian, Hardy & Zatzkis v. Howes*, 93-2076 (La. App. 5th Cir. 6/15/94), 639 So. 2d 329, 332, *writ denied*, 94-1893 (La. 10/28/94), 644 So. 2d 653). An appellate court must use the "clearly wrong" or "manifestly erroneous" standard of review in considering a trial court's factual findings relating to the reasonableness of a contractual attorney fee. *Whitney Bank*, 194 So. 3d at 824.

Seale & Ross submitted Exhibit 1, which detailed the monthly invoices sent to Holder and the testimony of Dillon. Similar to the facts in *Deutsch, Kerrigan & Stiles*, 665 So. 2d at 1320, Holder has provided no proof that the amount billed to her was inaccurate or that she was entitled to any credit. Holder has made general allegations in brief that Dillon's charges pertaining to Holder's ex-husband were unrelated to her domestic matter, but points to no evidence justifying her refusal to pay those charges. The trial court did not itemize in its reasons the specific fees

13

either awarded or excluded but recognized the total award as being reasonable. Insofar as the trial court found these charges to be connected to the underlying representation, we find no manifest error in that determination.

Finally, Holder argues that she actually overpaid attorney's fees to Seale & Ross because she paid a total of $27,969.54 to the firm. This argument also pertains to the reasonableness of the attorney's fees charged in the domestic action. As we have already found that the trial court did not abuse its discretion in awarding Seale & Ross an additional $30,000.00, an amount less than claimed, we need not address Holder's final argument pertaining to calculations.

## Post-Trial Memorandum

Holder's first assignment of error is that the trial court erred in issuing the written reasons for judgment prior to the expiration of the thirty days that she was provided by the trial court to file a post-trial memorandum. A post-trial memorandum consists only of argument, not evidence. "Even if the trial judge had not seen the memorandum, that would not have any bearing on whether the evidence supports the judgment." *LeBlanc v. Baxter*, 2005-33 (La. App. 5th Cir. 5/31/05), 905 So. 2d 415, 430, *writ denied*, 2005-1742 (La. 1/13/06), 920 So. 2d 239. In *Celestine v. City of New Orleans*, 2010-0196 (La. App. 4th Cir. 12/22/10), 2010 WL 8972261, at *4 (unpublished), the office of workers' compensation judge issued a judgment prior to the submission of the requested post-trial briefs. The court noted that the judge was not obligated to wait for the post-trial briefs. *Id.* In *Williams v. Par. of St. Bernard*, 2015-1105 (La. App. 4th Cir. 12/2/16), 206 So. 3d 259, 273 n.14, *writ denied*, 2016-2280 (La. 2/3/17), 215 So. 3d 696, the plaintiff assigned as error that the trial court erred in issuing its judgment prior to the date set for submission of post-trial briefs. The court noted that plaintiff did not provide any legal authority to support his argument and did not indicate any prejudice

14

suffered as a result of the trial court rendering judgment prior to the submission of post-trial briefs. *Id.*

Louisiana Code of Civil Procedure article 1631(A) provides that the trial court has the power to control the proceedings at trial. Judge Hughes heard all of the evidence in the present case, and it was within his discretion to issue a ruling without entertaining additional arguments from the parties. Additionally, we do not find that Holder was prejudiced by the trial court choosing not to consider her post-trial memorandum. Prior to trial, Holder filed a memorandum arguing that her fee arrangement with Dillon was oral, that Dillon agreed to limit the attorney's fees to $25,000.00, that the attorney's fees charged were excessive and unreasonable, and that interest should not be allowed. The post-trial memorandum contained these same arguments but supplied additional case law and specific details as to the interest attempted to be collected by Seale & Ross. The post-trial memorandum also addressed the Settlement Spreadsheet, motions to compel discovery and the contempt action filed by Seale & Ross against the ex-husband, as well as the restraining order pursued by Dillon against the ex-husband. We have addressed each one of these issues above and reiterate that no evidence was presented at the trial regarding the Settlement Spreadsheet or motions to compel discovery. Furthermore, no evidence was presented as to the lack of necessity or unreasonableness of the contempt action or the restraining order. Therefore, we do not find that the trial court erred in its decision to issue its ruling prior to a consideration of Holder's post-trial memorandum.

## CONCLUSION

For the above and foregoing reasons, we affirm the trial court's August 13, 2019 judgment. All costs in this matter are assessed to Nedra Holder.

**AFFIRMED.**

15