| | | |
|---|---|---|
| **ARONA T. WALKER AND ARONA T. WALKER ON BEHALF OF LEONA C. WALKER, DECEASED** | \* | **NO. 2023-CA-0261** |
| | \* | |
| | | **COURT OF APPEAL** |
| | \* | |
| **VERSUS** | | **FOURTH CIRCUIT** |
| | \* | |
| **KATE BROWN M.D. AND HER INSURANCE D.E.F. INSURANCE AND LOUISIANA STATE UNIVERSITY SCHOOL OF MEDICINE IN NEW ORLEANS, FACULTY GROUP PRACTICE, A/K/A LSU HEALTH HEALTHCARE NETWORK AND ITS INSURANCE X.Y.Z. INSURANCE** | **STATE OF LOUISIANA** | |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-10981, DIVISION "F-14"
Honorable Jennifer M Medley,
\* \* \* \* \* \*
**Judge Tiffany Gautier Chase**
\* \* \* \* \* \*

(Court composed of Chief Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge Tiffany Gautier Chase)

**LOBRANO, J., CONCURS IN THE RESULT**

Stephen N. Chesnut
1413 Chartres Street, Suite A
New Orleans, LA 70116

    COUNSEL FOR PLAINTIFF/APPELLEE

Jeff Landry, Attorney General
Amber Mandina Babin, Assistant Attorney General
Mary Katherine F. Koch, Assistant Attorney General
Louisiana Department of Justice, Litigation Division
1450 Poydras Street, Suite 900
New Orleans, LA 70112

    COUNSEL FOR DEFENDANT/APPELLANT

                    **VACATED AND REMANDED;**
                    **EXCEPTIONS OF NO CAUSE OF**
                    **ACTION AND NO RIGHT OF ACTION**
                    **DENIED AS MOOT**
                    **SEPTEMBER 22, 2023**

This appeal is taken from the trial court's February 3, 2023 judgment entering a default judgment in favor of Arona Walker (hereinafter "Ms. Walker") and against Kate Brown, M.D. (hereinafter "Dr. Brown"). After consideration of the record before this Court, and the applicable law, we vacate the February 3, 2023 default judgment rendered by the trial court and remand the matter for further proceedings. Additionally, we deny as moot the exceptions of no cause of action and no right of action filed in this Court by Dr. Brown.

## **Facts and Procedural History**

On December 2, 2022, Ms. Walker filed a "Petition for Negligence and Damages Mental, Emotional and Physical Damages" naming Dr. Brown and Louisiana State University School of Medicine New Orleans, Faculty Group Practice as defendants. Ms. Walker's petition asserted that she suffered damages as a result of Dr. Brown's delay in signing the death certificate of Leona Walker, Ms. Walker's daughter, pursuant to La. R.S. 40:49.[1] Dr. Brown was served with the petition on January 11, 2023, by domiciliary service.[2] Dr. Brown did not file an

---

[1] La. R.S. 40:49 outlines the required procedural steps for the issuance and filing of death certificates.

2

answer to the petition. On January 20, 2023, Ms. Walker mailed letters to Dr. Brown notifying her of the intent to seek a default judgment.[3] Ms. Walker moved for entry of a default judgment and attached the letters sent to Dr. Brown advising her of the intention to seek a default judgment.[4] On February 3, 2023, the trial court entered judgment in favor of Ms. Walker awarding her $90,000.00 in damages. The record does not reflect that a hearing was held nor was any evidence admitted into the record. This appeal followed.

## Standard of Review

An appellate court is "restricted to determining the sufficiency of the evidence offered in support of the judgment" when reviewing default judgments. *Arias v. Stolthaven New Orleans, L.L.C.*, 2008-1111, p. 5 (La. 5/5/09), 9 So.3d 815, 818 (citation omitted). "This determination is a factual one governed by the manifest error standard of review." *Id.*

## Discussion

The procedural foundation for a default judgment is governed by La. C.C.P. art. 1702, which provides in pertinent part:[5]

A. (1) If a defendant in the principal or incidental demand fails to answer or file other pleadings within the time prescribed by law or

---

[2] Dr. Brown was served twice, through a secretary at 3700 St. Charles Avenue, 5th Floor, New Orleans, LA 70115 and through Cynthia Scott with the Chancellor's Office at 2000 Canal Street, New Orleans, LA 70112.

[3] The letters were mailed to Dr. Brown at 3700 St. Charles Avenue, 5th Floor, New Orleans, LA 70115 and 2001 Canal Street, New Orleans, LA 70112.

[4] Ms. Walker asserts that she filed a "motion for default" on January 31, 2023. However, the record reflects that this motion was filed with the word "motion" scratched through and replaced with the word "judgment." Ultimately, this pleading was denied by the trial court on February 6, 2023.

[5] Effective January 1, 2022, La. C.C.P. art. 1701, which governed entry of a preliminary default, was repealed, and the present default judgment procedure is set forth in La. C.C.P. art. 1702. See Acts 2021, No. 174, § 5, eff. Jan. 1, 2022; Acts 2021, No. 174, § 6, eff. Jan. 1, 2022; Acts 2021, No. 259, § 2.

by the court, and the plaintiff establishes a prima facie case by competent and admissible evidence that is admitted on the record, a default judgment in favor of the plaintiff may be rendered, provided that notice that the plaintiff intends to obtain a default judgment is sent if required by this Paragraph, unless such notice is waived. The court may permit documentary evidence to be filed in the record in any electronically stored format authorized by the local rules of the district court or approved by the clerk of the district court for receipt of evidence.

La. C.C.P. art. 1702(A)(1). Competent evidence establishes the elements of a *prima facie* case, which must be demonstrated as though the defendant denied each of the allegations in the petition. *Arias*, 2008-1111, p. 7, 9 So.3d at 820 (citations omitted). Thus, "the plaintiff must present competent evidence that convinces the court that it is probable that [she] would prevail at trial on the merits." *Id*. A default judgment cannot be different in kind from what is demanded in the petition and the amount of damages must be proven in order to be properly due. La. C.C.P. art. 1703. Although, "[t]here is a presumption that a default judgment is supported by sufficient evidence, …this presumption may be rebutted by the record upon which the judgment is rendered." *Arias*, 2008-1111, p. 8, 9 So.3d at 820 (citation omitted).

La. C.C.P. art. 1702(A)(1) requires admissible evidence be submitted on the record in order to obtain a default judgment. However, La. C.C.P. arts. 1702(B) and 1702(C) provide exceptions for the use of hearsay evidence in order to obtain a default judgment. Specifically, affidavits and exhibits may be offered to prove certain conventional and delictual obligations. La. C.C.P. art. 1702(B); La. C.C.P. art. 1702(C). La. C.C.P. art. 1702.1 also allows for obtaining a default judgment without a hearing, in certain limited circumstances.[6]

---

[6] La. C.C.P. art. 1702.1:

Ms. Walker argues that a hearing was not required because her underlying claim does not involve a conventional obligation. In support of this contention, Ms. Walker relies on La. C.C.P. art. 1702(B)(1) which states that "[w]hen a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto that contain facts sufficient to establish a *prima facie* case shall be admissible, self-authenticating, and sufficient proof of such demand… ." We find Ms. Walker's interpretation misplaced. La. C.C.P. art. 1702(B)(1) provides for an exception to the hearing requirement if the demand is based on a conventional obligation; not that a hearing is not required if the matter does not involve a conventional obligation. Therefore, Ms. Walker's claim is not exempt from the hearing requirement of La. C.C.P. art. 1702.

In the case *sub judice*, the trial court entered the default judgment without conducting a hearing in open court and evidence was not formally introduced and admitted. Ms. Walker attached two letters directed to Dr. Brown to her default judgment but, the record does not reflect that these documents were offered as

A. When the plaintiff seeks a default judgment without appearing for a hearing in open court as provided in Article 1702(B)(1) and (C), the plaintiff shall file a written request for default judgment containing a certification that the suit is on an open account, promissory note, or other negotiable instrument, on a conventional obligation, or on a check dishonored for nonsufficient funds, and that the necessary invoices and affidavit, note and affidavit, or check or certified reproduction thereof are attached, along with any proof required by law and a proposed default judgment. If attorney fees are sought under R.S. 9:2781 or 2782, the attorney shall certify that fact and the fact that the number of days required by R.S. 9:2781(A) or 2782(A), respectively, have elapsed since demand was made upon the defendant.

B. The certification shall indicate the type of service made on the defendant and the date of service and shall also include a certification by the clerk that the record was examined by the clerk, including therein the date of the examination and a statement that no answer or other pleading has been filed within the time prescribed by law or by the court.

evidence. *Denoux v. Vessel Mgmt. Servs., Inc.*, 2007-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88 ("Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal."). Additionally, the record does not suggest that Ms. Walker presented any live testimony. As such, she did not produce evidence on the record to prove a *prima facie* case of her claim as required by La. C.C.P. art. 1702(A)(1). The record is also absent of evidence necessary to prove that Ms. Walker was entitled to $90,000 in damages. La. C.C.P. art. 1703 ("The amount in damages awarded shall be the amount proven to be properly due."). Accordingly, it was error for the trial court to enter the default judgment against Dr. Brown. We therefore, vacate the default judgment rendered by the trial court.

As we find the default judgment was improperly entered as Ms. Walker failed to establish a *prima facie* case for negligent infliction of emotional distress, we pretermit discussion of Dr. Brown's remaining assignments of error.

### Exceptions of No Cause of Action and No Right of Action

Dr. Brown filed peremptory exceptions of no cause of action and no right of action for the first time in this Court. Having determined that the trial court erred in rendering the default judgment against Dr. Brown, we find the exceptions moot.

### Decree

For the foregoing reasons, we vacate the February 3, 2023 default judgment rendered by the trial court and remand the matter for further proceedings.

6

Additionally, we deny as moot the exceptions of no cause of action and no right of action filed in this Court by Dr. Brown.

**VACATED AND REMANDED;
EXCEPTIONS OF NO CAUSE OF
ACTION AND NO RIGHT OF ACTION
DENIED AS MOOT**