| CHRISTINA JAMES WORMS, JULIEN GEORGES PIERRE WORMS, AND PICARDIE TIMBER FRAME, LLC | * | NO. 2024-CA-0045 |
| | * | |
| | | COURT OF APPEAL |
| | * | |
| VERSUS | | FOURTH CIRCUIT |
| | * | |
| TONI DENISE BARNARD AND DOUGLAS BARNARD | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-02389, DIVISION "F-14"
Honorable Jennifer M Medley,
\* \* \* \* \* \*
**Judge Paula A. Brown**
\* \* \* \* \* \*

(Court composed of Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge Paula A. Brown)


Jarred P. Bradley
THE BRADLEY LAW FIRM, PLLC
143 Metairie Heights Avenue
Metairie, LA 70001


      COUNSEL FOR PLAINTIFF/APPELLEE


Thomas G. Donelon
Attorney at Law
3500 N. Hullen Street, Suite 226
Metairie, LA 70002


      COUNSEL FOR DEFENDANT/APPELLANT


              **VACATED AND REMANDED**
              **JUNE 20, 2024**

This appeal arises out of a judgment of default. Appellants, Toni Denise Barnard and Douglas Barnard (collectively, "the Barnards"), seek review of the district court's October 18, 2023 judgment, which granted a motion for default judgment—filed by Appellees, Christiana James Worms, Julien Georges Pierre Worms and Picardie Timber Frame, LLC (collectively, "the Worms")—against the Barnards, and awarded the Worms $133,994.44 in damages. For the reasons set forth below, we vacate the district court's judgment and remand the matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

The Barnards and the Worms are neighbors who own adjoining property located in New Orleans, Louisiana at 2121 Baronne Street and 2127 Baronne Street, respectively. On March 17, 2023, the Worms filed a Petition for Damages (the "Petition") against the Barnards, seeking monetary relief for damages sustained to their property at the hands of the Barnards. In the Petition, the Worms alleged that the animosity arose between the neighbors in 2014, when the Barnards began to erect a fence and the parties disagreed on the location of the property line. After the Worms made the Barnards move the fence to the property line, the

Barnards and their children began to engage in a continuous pattern of harassment. The Worms alleged that the Barnards threw glass near the Worms' swing set, eggs on their vehicles and trash on their lawn; filed false police reports against them; trespassed on their property and cut their plants without permission; and constantly shouts profanities at them, their children and their guests. According to the Petition, on March 20, 202[2],[1] the Barnards threw rocks and debris on the 2013 Ford F-150 XLT, owned by Picardie, causing damage to the hood, grill and windshield of the vehicle.

The Worms filed the Petition and requested service of process on Mrs. Barnard at her home address. On three separate occasions, the Sheriff of Orleans Parish (the "Sheriff") attempted to serve Mrs. Barnard, but was unable to effectuate service. The Worms did not request service on Mr. Barnard. On June 13, 2023, the Worms filed a motion and an order to appoint process server. In the motion, the Worms alleged that they "filed . . . the Petition on March 17, 2023, and the Sheriff . . . failed to serve Toni Denise Barnard and Douglas Barnard . . . on April 13, 2023." The district court granted the Worms' motion, appointed Jeanne Murry and Jason Barrette ("Murry and Barrette") as the private process servers and ordered that "Toni Denise Barnard and Douglas Barnard shall be served by [Murry and Barrette]." On July 5, 2023, Mr. Barrette filed into the record two affidavits of service, attesting that both Mr. and Mrs. Barnard were personally served with the citation on July 2, 2023, at their home address. Despite this service, the Barnards failed to answer the Petition.

---

[1] The Petition mistakenly refers to the date of the alleged property damage as March 20, 2023, which would have been after the Petition was filed. The record reflects that the year the incident occurred was 2022.

Due to the Barnards' failure to answer the Petition, the Worms sought a default judgment with the district court. On September 1, 2023, counsel for the Worms sent notice via priority mail to Mr. and Mrs. Barnard, individually, advising each that the hearing on the default judgment was set for September 14, 2023, at 9:00 a.m. Counsel for the Worms appeared at the September 14, 2023 default judgment hearing on behalf of the Worms. The Barnards did not attend the hearing nor did any counsel appear on their behalf. During the hearing, counsel for the Worms explained that the private process server served the Barnards and that he sent a notice of default judgment to each, advising them of the default judgment hearing date. Council then offered into evidence copies of the notices mailed to the Barnards and the delivery confirmations as exhibits.[2]

The district court orally granted the default judgment and on October 18, 2023, rendered the following written judgment:

> Considering the fact that the [Barnards] were properly served notice of the Petition and then failed to answer, received notice more than seven days before the court appearance on September 14, 2023[,] that there would be a hearing for default judgment, and the fact that [the Barnards] received the [Worms] notice of the filing of this Judgment sent via certified mail delivered on September 22, 2023, and [the Barnards] failed to answer any of the three notices sent along with the pleadings, the evidence, arguments, stipulation of counsels, and based upon the applicable law:
>
> **IT IS ORDERED, ADJUDGED & DECREED that** [the Worms'], motion for default judgment is **GRANTED** in favor of the [Worms], and against the [Barnards], in the full sum of $133,994.44 for all direct and consequential damages including emotional distress, together with legal interest from date of judicial demand until paid in full, to cover all damages including interest and attorney fees and for all costs of these proceedings.

It is from this judgment that the Barnards seek review.

---

[2] Mr. Barnard's letter and delivery confirmation was introduced as Exhibit 1; and Mrs. Barnard's letter and delivery confirmation was introduced as Exhibit 2.

## STANDARD OF REVIEW

"An appellate court is 'restricted to determining the sufficiency of the evidence offered in support of the judgment' when reviewing default judgments." *Sarasota, CCM, Inc. v. Supreme Quality Transp., LLC*, 23-0658, pp. 3-4 (La. App. 4 Cir. 3/6/24), ___ So.3d ___, ___, 2024 WL 958139, at *2 (quoting *Walker v. Brown*, 23-0261, p. 3 (La. App. 4 Cir. 9/22/23), 372 So.3d 845, 847). "This determination is a factual one governed by the manifest error standard of review." *Id.* (quoting *Payphone Connection Plus, Inc. v. Wagners Chef, LLC*, 19-0181, p. 7 (La. App. 4 Cir. 7/31/19), 276 So.3d 589, 594). "Thus, we review this matter to determine whether the trial court's 'finding of fact ... is clearly wrong in light of the record reviewed in its entirety.'" *Id.* (quoting *Payphone*, 19-0181, p. 7, 276 So.3d at 594).

## DISCUSSION

The Barnards assert three assignments of error, which we summarize as follows: (1) the district court erred by granting the default judgment without first confirming whether Mr. Barnard had been properly served; (2) the district court erred by granting the default judgment without first confirming whether Mrs. Barnard had been properly served; and (3) the district court erred by granting the default judgment when the Worms failed to present any evidence or testimony to support the allegations contained in their Petition. We will address each assignment of error in turn.

*Lack of confirmation of citation and service on Mr. Barnard*

In their first assignment of error, the Barnards assert that there was no service of process requested, and therefore no attempted service by the Sheriff, on

4

Mr. Barnard. As such, service of process by Mr. Barrette—the private process server appointed to serve Mr. Barnard—was invalid. We agree.

Citation and service thereof are required for all civil actions, and without them all proceedings are absolutely null. *See* La. C.C.P. art. 1201(A). Louisiana Code of Procedure Article 1201(C) provides, in pertinent part, that "[s]ervice of the citation shall be requested on all named defendants within ninety days of commencement of the action." "Except as otherwise provided by law, service shall be made by the sheriff of the parish where service is to be made or of the parish where the action is pending." La. C.C.P. art. 1291. "The sheriff shall endorse on a copy of the citation or other process the date, place, and method of service and sufficient other data to show service in compliance with law." La. C.C.P. art. 1292(A). "He shall sign and return the copy promptly after the service to the clerk of court who issued it." *Id.* "The return, when received by the clerk, shall form part of the record, and shall be considered prima facie correct." *Id.* Louisiana Code of Civil Procedure Article 1293 is express in its directives. It instructs, in pertinent part, that:

> A. When the sheriff has not made service within ten days after receipt of the process or when a return has been made certifying that the sheriff has been unable to make service, whichever is earlier, on motion of a party the court shall appoint a person over the age of majority . . . whom the court deems qualified to perform the duties required, to make service of process in the same manner as is required of sheriffs. Service of process made in this manner shall be proved like any other fact in the case.
>
> B. In serving notice of a summary proceeding as provided by Article 2592[3], . . . on motion of a party the court shall have the discretion to appoint any person over the age of majority, not a party and residing within the state, to make service of process . . . in the same manner as is required of sheriffs, without first requiring the sheriff to attempt

---

[3] Louisiana Code of Procedure Article 2592 provides an exclusive list of matters in which the use of summary proceedings is permissible.

service. The party making such a motion shall include the reasons, verified by affidavit, necessary to forego service by the sheriff, which shall include but not be limited to the urgent emergency nature of the hearing, knowledge of the present whereabouts of the person to be served, as well as any other good cause shown.

As stated above, the Worms requested service of process on only Mrs. Barnard and failed to request service on Mr. Barnard. The record is devoid of any evidence to prove that the Sheriff attempted to serve and failed to serve Mr. Barnard with the citation in accordance with the mandates of La. C.C.P. art. 1291. Moreover, although the private process server later served Mr. Barnard with the citation, we find that service to be invalid. The Worms failed to comply with the requirements of La. C.C.P. art. 1293, which mandates that in ordinary proceedings service of process be attempted by the sheriff before the court appoints a private process server. We conclude that because the service of process on Mr. Barnard is invalid, the default judgment against Mr. Barnard is an absolute nullity.

*Lack of confirmation of citation and service on Mrs. Barnard*

Next, the Barnards assert that the district court erred in confirming the default judgment without the Worms presenting evidence to prove that Mrs. Barnard was properly served. In support, the Barnards rely on *Rabito v. McLain Invs., LLC*, wherein this Court reversed a default judgment and found that the plaintiff failed to prove service of citation on a named defendant at the hearing to confirm the default judgment. *Rabito v. McClain Investments, LLC*, 18-0824 (La. App. 4 Cir. 1/23/19), 318 So.3d 1056. We find that the facts of *Rabito* to be akin to the facts of the case before this Court. In *Rabito*, the plaintiff filed suit against the defendant, alleging that she sustained injuries due to the defendant's negligence. After the Jefferson Parish Sheriff's Office was unable to effectuate service on the defendant through its registered agent, a private process server was

6

appointed.  Upon the defendants' failure to answer the petition, the plaintiff filed a motion to confirm default and attached two exhibits thereto.  Exhibit A was a Certification of Counsel, which asserted that service of the petition was perfected on the defendant, and Exhibit B was the affidavit of the plaintiff, which attested to the facts of the underlying petition.  At the motion to confirm the default, the plaintiff failed to introduce any additional evidence to prove proper service on the defendant.  The district court entered default judgment in favor of the plaintiff and against the defendant.  On appeal, this Court found that the plaintiff's Certification of Counsel was insufficient to prove compliance with La. C.C.P. art. 1266(B)[4] because "[p]roof of diligence must be established on the part of the person who ultimately effectuates service." *Id.* at p.8, 318 So.3d at 1062.

Similarly, in the case *sub judice*, after the Sheriff was unable to effectuate service on Mrs. Barnard, a private process sever was appointed, pursuant to La. C.C.P. art. 1293, to serve Mrs. Barnard.  At the default judgment hearing, counsel for the Worms referenced on the record that private process servers had been appointed to serve the Barnards, and that they had, in fact, been served.  However, counsel failed to offer any testimonial or documentary evidence into the record to

_____

[4] Louisiana Code of Civil Procedure Article 1266(B) provides:

> B. If the limited liability company has failed to designate an agent for service of process, if there is no registered agent by reason of death, resignation, or removal, or if the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent, service of the citation or other process may be made by any of the following methods:
>
> (1) Personal service on any manager if the management of the limited liability company is vested in one or more managers or if management is not so vested in managers, then on any member.
>
> (2) Personal service on any employee of suitable age and discretion at any place where the business of the limited liability company is regularly conducted.
>
> (3) Service of process under the provisions of R.S. 13:3204, if the limited liability company is subject to the provisions of R.S. 13:3201.

prove that Mrs. Barnard was properly served. Specifically, the following exchange occurred between counsel for the Worms and the district court:

> [COUNSEL]: Both plaintiffs were served properly, we have evidence on the record of the process server that was hired. I also have sent letters, more than a week ahead of time, alerting both of them that the court hearing is today. And I have those, I'd like to add as Exhibits 1 and 2, if that's okay, Your Honor.
>
> THE COURT: Yes.
>
> [COUNSEL]: Great.
>
> * * *
>
> [COUNSEL]: And there is proof -- we sent them with tracking -- so there is proof of service and a copy of the letter.
>
> THE COURT: Great.
>
> * * *
>
> THE COURT: Thank you. And I see that you have the delivery confirmation from the USPS attached.
>
> [COUNSEL]: Yes, Your Honor, that is correct. And they were sent on September 1st, which is more than a week today, and they were delivered, I believe, on the 8th. So that complies with the statute. Because they are supposed to be regular mail, we sent them, I believe, it's priority that way we know the tracking, and that was delivered.
>
> * * *
>
> THE COURT: Alright. I'm going to go ahead and grant the default.
>
> * * *
>
> [COUNSEL]: I need that to file, Your Honor.
>
> THE COURT: Okay. So I'll just put them both together. And that's Exhibits 1 and 2 with the attached confirmation of sheets from the U.S. Postal Service.

Whereas a return of service by the sheriff is considered *prima facie* correct, a return of service by a private person filed into the record shall be proved like any other fact in the case. *See* La. C.C.P. arts. 1292(A) and 1293(A). Thus, considering the absence of any evidence in the record to prove, as a fact, service by a private person as required by La. C.C.P. art. 1293(A), the default judgment against Mrs. Barnard is an absolute nullity. *See Garcia v. Hernandez*, 21-338, p. 7

(La. App. 5 Cir. 4/11/22), 339 So.3d 61, 67 (where the court held that the fact of service on a defendant by a private person must be proven through evidence that is formally admitted into the record).

This assignment of error has merit.

*Granting of default judgment against the Barnards*

Lastly, the Barnards assert that the district court erred in granting default judgment against them without the Worms first presenting any evidence to support the allegations contained in the Petition. We agree.

> The procedural foundation for a default judgment is governed by La. C.C.P. art. 1702, which provides, in pertinent part:
>
> A. (1) If a defendant in the principal or incidental demand fails to answer or file other pleadings within the time prescribed by law or by the court, and the plaintiff establishes a prima facie case by competent and admissible evidence that is admitted on the record, a default judgment in favor of the plaintiff may be rendered, provided that notice that the plaintiff intends to obtain a default judgment is sent if required by this Paragraph, unless such notice is waived. The court may permit documentary evidence to be filed in the record in any electronically stored format authorized by the local rules of the district court or approved by the clerk of the district court for receipt of evidence.

*Walker v. Brown*, 23-0261, pp. 3-4 (La. App. 4 Cir. 9/22/23), 372 So.3d 845, 847 (quoting La. C.C.P. art. 1702(A)(1)). In order to confirm a default judgment for a delictual obligation, as in the present case, subsection (B)(2) provides:

> When a demand is based upon a delictual obligation, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case, shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering a final default judgment.

"Confirmation of a default judgment is similar to a trial and requires, with admissible evidence, 'proof of the demand sufficient to establish a prima facie

9

case.'" *Arias v. Stolthaven New Orleans, L.L.C.*, 08-1111, p. 7 (La. 5/5/09), 9 So.3d 815, 820 (quoting La. C.C.P. art. 1702). "The elements of a prima facie case are established with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant." *Id.* (first citing *Sessions & Fishman v. Liquid Air Corp.*, 616 So.2d 1254, 1258 (La. 1993); and then citing *Thibodeaux v. Burton*, 538 So.2d 1001, 1004 (La. 1989)). "In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail at trial on the merits." *Id.* (citing *Thibodeaux*, 538 So.2d at 1004). "A plaintiff seeking to confirm a default must prove both the existence and the validity of his claim." *Id.* "A default judgment cannot be different in kind from what is demanded in the petition and the amount of damages must be proven to be properly due." *Id.* (citing La. C.C.P. art. 1703). "'Because at a default confirmation there is no objecting party, to prevent reversal on appeal, both plaintiff and the trial judge should be vigilant to assure that the judgment rests on admissible evidence' that establishes a prima facie case." *Id.* at p. 8, 9 So.3d at 820 (citing George W. Pugh, Robert Force, Gerald A. Rault, Jr., & Kerry Triche, *Handbook on Louisiana Evidence Law* 677 (2007)).

As previously stated, counsel for the Worms only introduced a copy of the default judgment notices, which was sent to alert the Barnards of the date and time of the default judgment hearing, and the confirmation of receipt via priority mail. No further evidence—testimonial or documentary—was formally offered into evidence at the default judgment hearing to prove the facts upon which the Petition was based and the resulting damages. Although the district court record contained two affidavits of service filed by the private process server, and invoices from Picardie and Claude Bean's Body Shop evidencing damages to the 2013 Ford F-

10

150 XLT, those documents were not offered into evidence and cannot be considered by this Court. *See Kimball v. Kamenitz,* 21-0101, p. 22 (La. App. 4 Cir. 10/26/21), 331 So.3d 474, 489 ("Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal." (quoting *Felix v. Safeway Ins. Co.*, 15-0701, p. 7 (La. App. 4 Cir. 12/16/15), 183 So.3d 627, 632)) Based on the record before us, we find that the Worms failed to produce any evidence on the record sufficient to establish a *prime facie* case as required by La. C.C.P. art. 1702(B)(2). Accordingly, the district court erred in entering default judgment against the Barnards and awarding the Worms damages in the amount of $133,994.44.

## DECREE

For the foregoing reasons, we vacate the district court's October 18, 2023 default judgment and remand the matter for further proceedings.

**VACATED AND REMANDED**

11